Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.677.3015/Fax: 888.320.9384
shoffmanlaw@gmail.com

Attorneys for Plaintiff Thomas Rainey

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THOMAS RAINEY, Conservator, on
behalf of COLLEEN GAROT

            Plaintiff,

v.

COUNTY OF SAN DIEGO, WILLIAM
D. GORE, in his official capacity; DOES
1 – 20,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 19-cv-01650-H-AGS

**PLAINTIFF'S SECOND
AMENDED COMPLAINT**

**1.  Deliberate Indifference to a
Substantial Risk of Harm to
Health (42 U.S.C. § 1983, 8th &
14th Am. of U.S. Constitution,
and Ca. Gov. Code § 845.6)**

**2.  Liability for Unconstitutional
Custom, Practice, or Policy (42
U.S.C. § 1983)**

**3. Professional Negligence
(California Government Code §
844.6(d))**

**4.  Failure to Summon Medical
Care (California Government
Code § 845.6)**

**5. Negligence**

**DEMAND FOR JURY TRIAL**

**- 1 -**

1

## JURISDICTION AND VENUE

2
3
4
5
6

1.      This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., and the Eighth and Fourteenth Amendments to the United States Constitution, for the violations of Ms. Garot's constitutional rights by deputies of the San Diego County Sheriff's Department. Jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343.

7
8

2.      Plaintiff also asserts a state law claim of negligence. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

9
10
11

3.      As a prerequisite to filing this complaint, on October 11, 2018, Plaintiff filed a Claim for Damages, pursuant to Government Code § 910, with the County of San Diego. The claim was rejected on November 27, 2018.

12
13

4.      Venue in this Court is proper under 28 U.S.C. § 1391(b). The incident giving rise to the claims in this lawsuit took place in the County of San Diego.

14

## PARTIES

15
16
17
18
19

5.      Plaintiff Thomas Rainey is the conservator of Colleen Garot, appointed by the Superior Court of California, County of San Diego. Thomas Rainey brings this complaint pursuant to Fed. R. Civ. P. 17(c)(1)(C).   Colleen Garot is an incompetent adult individual who resides in San Diego County, California.

20
21
22

6.      Defendant County of San Diego is a public entity, a county in the State of California and was the employer of Defendants DOES 1-20 at all times relevant to this lawsuit.

23
24
25
26
27
28

7.      At all times relevant to this lawsuit, Defendants DOES 1-20 were employees of Defendant County of San Diego and performed the relevant acts within the course and scope of their employment as employees of the County of San Diego or as San Diego County Sheriff Deputies. Defendants DOES 1-20 performed these acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendants DOES 1-20

are sued in their individual capacities (as to the claims under section 1983) and as employees of the County of San Diego (as to the state law claim).

8. The true names and capacities of DOES 1 to 20, inclusive, and the facts giving rise to their liability are unknown to Plaintiff at this time. Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability. Plaintiff is informed and believes, and thereon alleges, that each of the Doe Defendants is responsible in some manner, either by act or omission, strict liability, fraud, negligence or otherwise, for the occurrences herein alleged, and that Plaintiffs' harm was legally caused by conduct of the Doe Defendants.

9. The true names of the San Diego County Sheriff Deputies named as DOE Defendants are unknown to Plaintiff because Defendant County of San Diego refuses to release the names of the deputies, or any other information about the arrest of Colleen Garot, other than a redacted Computer Assisted Dispatch ("CAD") report. That report does not give the names of the Deputies involved or any other identifying information.

10. Defendant William D. Gore is the Sheriff of San Diego County and is sued in his official capacity as the final policy maker for the San Diego County Sheriff's Department.

## FACTUAL ALLEGATIONS

10. On April 13, 2018, while acting in the course and scope of their employment, unknown Sheriff's deputies employed by Defendant County of San Diego were dispatched to Colleen Garot's residence at 1624 N. Coast Highway 101 in Encinitas, County of San Diego, California, to evict Ms. Garot. At some point – either before or after encountering Ms. Garot – the Sheriff's deputies discovered Ms. Garot had an outstanding warrant for her arrest.

11. When the Sheriff's deputies arrived at Ms. Garot's residence, they found her with obvious and severe facial and head injuries, including a black left

eye and bruising, abrasions and redness to her forehead.   Ms. Garot also had bruising on her arms.  It appeared to the Sheriff's deputies that Ms. Garot had been a victim of assault.

12.    Although it was obvious that Ms. Garot needed immediate medical attention, the Sheriff's deputies did not request an ambulance or paramedic to the scene.  Instead, they arrested Ms. Garot based on the outstanding warrant and transported her to the county jail.

13.    Ms. Garot was booked at the jail, and her booking photograph clearly shows a severe black eye and bruising / abrasions on her forehead. See attached Exhibit A.

14.    Unknown employees or agents of Defendant County of San Diego gave Ms. Garot a Standard Medical Screening.  The first question on the screening form asks if the inmate has "been injured, hurt or in an accident in the last 72 hours?"  Despite the obvious signs of trauma to her face and head (and the Sheriff's deputies' belief that Ms. Garot had been the victim of an assault), the response on the intake form was "N."

15.    Another question on the screening form was "Do you have any major medical problems?"  The response listed is "claims neurological disorder."  Even though Ms. Garot had obvious head trauma and claimed a neurological disorder, Ms. Garot was not seen or examined by a medical doctor.

16.    The screening form notes that Ms. Garot denied the black eye was from an injury, but said it was from her neurological disorder.  Ms. Garot claimed that the abrasions and redness on her forehead was from a fall 5 days prior.

17.    Approximately 12 hours later, Ms. Garot was seen by another County employee, who noted the bruising around Ms. Garot's left eye and on her forehead.  The form memorializing Ms. Garot's encounter with the County employee provides that Ms. Garot claimed the injuries were from her husband.  Ms. Garot was not given any further medical treatment.

18.     The following morning, April 14, 2018, at about 7:00 a.m., Ms. Garot was brought in for another evaluation. Ms. Garot had fallen and stated that "kinda I lost consciousness when I fell." The black eye was noted as "racoon left eye" and the abrasions to her forehead were noted. A bump on the back of Ms. Garot's head was noted from this recent fall. Ms. Garot was given an ice pack and told to "give back ice pack to deputy, when done."

19.     At approximately 11:00 p.m. on April 14, 2018, Ms. Garot was seen by another County employee or agent. The record from that encounter notes that Ms. Garot had "chronic unsteady gait" and tremors. Ms. Garot was returned to her cell with order to be on the "lower bunk/tier" and to "continue to monitor."

20.     The following day, April 15, 2018, Ms. Garot was "agitated and uncooperative," made "repeated, nonsensical statements" to the staff, and was placed in a "safety cell." Ms. Garot was scheduled to be seen by a psychologist.

21.     At approximately 5:00 p.m. on April 15, 2018, an unidentified psychologist examined Ms. Garot in her "safety cell." The psychologist noted that Ms. Garot needed prompting to cover herself appropriately and evidenced "significant disorganized" thought process and made contradicting and odd statements. Ms. Garot thought she was in a store and hallucinated, believing a dragonfly was on her arm and that she was seeing a cowboy. The psychologist noted that Ms. Garot was "low risk" and there should be a follow up in one day. Ms. Garot received no medical treatment.

22.     During the night of April 15 and early morning hours of April 16, 2018, Ms. Garot repeatedly asked the deputies to let her out of her cell. At approximately 12:30 a.m., Ms. Garot was observed with "shakes." Ms. Garot denied having drug or alcohol withdraw symptoms. Again, the bruising to Ms. Garot's eye was noted. Bruising on Ms. Garot's chest and shoulders was also noted. Ms. Garot again said that the bruises were from a fall prior to her incarceration.

23.     At approximately 6:30 a.m. on April 16, 2018, Ms. Garot was observed walking around her cell naked and attempted to climb the wall.  Later that morning at approximately 11:00 a.m., Ms. Garot was observed naked and delusional. The black eye was again noted, and "no acute [m]edical issues [were] noted at this time."

24.     At approximately 11:20 on April 16, 2018, another County employee checked Ms. Garot in her safety cell for a seizure.  Ms. Garot was found in her cell laying on her back with "foamy like saliva coming out from her mouth."  Deputy #5208 opened the door to the safety cell.  Ms. Garot did not respond when her name was called but she was moaning.  She was placed on her right side and "mild jerky movements to upper part of body" were noted. The black eye was again noted. Finally, after three days, paramedics were called and Ms. Garot was taken to the emergency room at Sharp Memorial Hospital.

25.     Sharp diagnosed Ms. Garot with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, subdural hematoma and seizure.

26.     As a direct and proximate result of the defendants' failure to obtain or furnish medical care to Ms. Garot when multiple employees knew or had reason to know that she had suffered from severe head trauma, Ms. Garot is now completely incapacitated and has suffered damages including but not limited to past and future medical bills, lost earning capacity, and general damages.

### FIRST CAUSE OF ACTION

**Deliberate Indifference to a Substantial Risk of Harm to Health and Safety**

**(42 U.S.C. § 1983, 8th and 14th Amendment of the U.S. Constitution)**

**Against All Doe Defendants**

27.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

28.     At the time Ms. Garot was booked into detention by the County of San Diego, Defendants Does repeatedly denied Ms. Garot proper medical care in repeated violation of her 8th and 14th Amendment Constitutional rights.

29.     Defendant Does knew Ms. Garot was in urgent need of medical attention and treatment.

30.     Defendant Does knew there was a substantial risk to Ms. Garot's health if she went untreated, but repeatedly refused to treat her.

31.     As the result of the repeated denial of medical care, Ms. Garot spent her time in Defendants' custody in unnecessary and excruciating pain, suffering, and agony.

32.     The denial of medical treatment to Ms. Garot exacerbated her condition to the point where her life was placed in jeopardy.

33.     Defendant Does, by ignoring Ms. Garot and by failing to provide proper medical attention, acted with deliberate indifference to a serious health condition and Ms. Garot's medical needs.

34.     If Ms. Garot is deemed to be a convicted inmate, Defendants by their acts of deliberate indifference in failing to provide medical care to treat Ms. Garot's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

35.     If Ms. Garot is deemed to be a pretrial detainee, Defendants by their acts of deliberate indifference in failing to provide medical care to treat Ms. Garot's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

36.     Defendant Does were deliberately indifferent to Ms. Garot's serious medical needs.  It is clear that a reasonable County employee / agent (whether jail employee / agent or Sheriff's deputy) that by denying medical care, Ms. Garot

exposed to undue suffering and threat of tangible residual injury.  Defendant Does intentionally denied Ms. Garot proper medical care by failing to treat, timely refer to a doctor, or timely transfer Ms. Garot for proper medical care, causing her to suffer for approximately three days.

37.     Had Defendant Does not acted with deliberate indifference to Ms. Garot's obvious, serious health needs and provided medical attention, Ms. Garot would not presently be completely incapacitated and would not have suffered the damages alleged herein.

38.     The damages Ms. Garot suffered were easily avoidable.

39.     Defendant Does' acts and omissions violated Ms. Garot's Constitutional rights guaranteed under the Eighth and Fourteenth Amendments to the U.S. Constitution.  Defendant Does knew that by failing to treat Ms. Garot, additional, serious injury was likely to occur.

40.     Defendant Does are each liable to Ms. Garot for compensatory and punitive damages under 42. U.S.C. §1983.

## SECOND CAUSE OF ACTION

### Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)

### Against Defendants County of San Diego and William D. Gore

41.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

42.     The San Diego County Grand Jury found in a report on San Diego County Jails filed June 1, 2016 that "Policies and procedures for screening, placement, and monitoring of detainees were obviously inadequate and need to be improved."

43.     On July 26, 2019, a jury found San Diego County Deputies and nurses employed by the County of San Diego liable for negligence after another detainee at a San Diego jail, David Collins, was booked into the jail on November 18, 2016.

Collins alleged that he was booked with a noticeable abrasion on his forehead. Collins further alleged that he was medically evaluated by County employees and determined "fit for jail" and placed in to a holding cell, as was Garot. Collins further alleged that while in custody, he suffered multiple significant falls, was disoriented and had an unsteady gait, and yet San Diego County employees failed to obtain emergency medical attention, instead placing him in a sobering cell. Collins alleged that jail personnel finally called 9-1-1 the afternoon of November 19, 2016. Collins later was found to have a brain injury and is permanently disabled.

44.     The San Diego County Sheriff's Department Detention Services Bureau Policy and Procedure Manual contains no specific procedure for having detainees with visible head injuries to be examined by a medical doctor.

45.     On and for some time prior to April 13, 2018 (and continuing to the present date), Defendants deprived Ms. Garot of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the U.S. Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with deliberate indifference to the rights and liberties of Ms. Garot and persons in her class, situation, and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

> A.     Inadequately staffing its facilities with medical personnel thereby showing deliberate indifference to the serious health needs of its inmates, including Ms. Garot;
>
> B.     Inadequately supervising, training, controlling, and assigning employees, including Sheriff's deputies and medical staff stationed at detention facilities;

C.   Maintaining grossly inadequate procedures and protocols in the event inmates facing a serious medical condition, including skull fractures and traumatic brain injuries;

D.   Withholding not only urgent life sustaining medical care, but routine care to inmates in need of medical care.

46.   By reason of Defendants' policies and practices, Ms. Garot suffered severe medical injury, including, but not limited to, complete incapacitation as a result of an untreated skull fracture and traumatic brain injury.

47.   Defendants, together with other unidentified officials, had either actual or constructive knowledge of the deficient policies, procedures, practices, and customs alleged in the paragraphs above.  Despite having knowledge of the deficiencies, Defendants condoned, tolerated, and through actions and inactions, thereby ratified those policies.  Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of Ms. Garot, and others similarly situated.

48.   By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Ms. Garot's well-being and her Constitutional as well as human rights.

49.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, were affirmatively and linked to and were a significantly influential force behind Ms. Garot's injury.

50.   Accordingly, Defendants County of San Diego and William D. Gore, in his official capacity as the final policy maker, are liable to Ms. Garot for compensatory damage under 42 U.S.C.  § 1983.

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

### Professional Negligence

### Against Defendant Does and County of San Diego

51.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 50 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

52.     Defendant employed certain Doe Defendants to medically evaluate, care for and treat Ms. Garot and do all things necessary in connection therewith. Defendants, and each of them, undertook said employment and undertook and agreed to medically evaluate, care for and treat Ms. Garot and do all things necessary in connection therewith.

53.     Defendants, and each of them, so negligently and carelessly examined, diagnosed, treated, failed to treat, and manage Ms. Garot's care so as to allow and cause the damages more fully set forth above.

54.     The negligence and carelessness of Defendants, and each of them, consisted of their failure to use that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances.

55.     Defendants, and each of them, have a duty to operate and manage their detention facilities in a manner so as to prevent the acts and/or omissions alleged herein.  Defendants owed Ms. Garot, as an inmate in Defendants' custody, care, and control, a duty of due care to protect her health and physical safety.

56.     Defendants were negligent and their conduct fell below a reasonable standard of care when they failed in their duties as custodians or health care providers to Ms. Garot.  It was foreseeable that as a result of Defendants' acts and omissions, as described above, Ms. Garot's condition would worsen, resulting in her physical injuries and suffering.   Defendants' breach proximately caused

injuries and damages to Ms. Garot as Plaintiff claims herein. Defendants were negligent pursuant to California Government Code § 844.6(d).

57. Pursuant to Cal. Gov't. Code § 815.2, Defendant County of San Diego is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

58. As a direct and proximate result of the aforementioned conduct, Defendants are liable to Plaintiff for damages including but not limited to costs associated with Ms. Garot's medical care and treatment.

## FOURTH CAUSE OF ACTION

### Failure to Summon Medical Care

### Against Defendant Does and County of San Diego

59. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 58 of this Second Amended Complaint with the same force and effect as if fully set forth herein.

60. Defendants had, or had reason to have, actual knowledge that Ms. Garot was in need of medical care for her serious medical condition, a skull fracture and traumatic brain injury, and evidenced by Ms. Garot's black eye, head abrasions, and incoherence.

61. California Government Code § 845.6 creates an affirmative duty for jail officers "to furnish or obtain medical care for a prisoner in his custody." Ms. Garot desperately required prompt medical attention from Defendants. Defendants had actual or constructive knowledge of Ms. Garot's need for prompt medical attention and deliberately chose to not furnish care to Ms. Garot. Defendants failed to discharge the duty imposed upon them by California Government Code § 845.6. As a direct and proximate result of Defendants' acts and/or omissions, described herein, Ms. Garot suffered severe physical injury, as set forth above.

62.     Defendants are liable for their employees' breaches of duty to summon required medical care while acting in the course and scope of their employment.

## FIFTH CAUSE OF ACTION

### Negligence

### Against Defendant Does and County of San Diego

63.     Plaintiff realleges and incorporates by reference the paragraphs stated above.

64.     At all times relevant, the employees and agents of Defendant County of San Diego and Doe Defendants, and each of them, had a duty to exercise prudent care in the conduct of their activities or businesses.

65.     In particular, it was the duty of Defendant Does and the County of San Diego, and each of them, to exercise reasonable care with respect to evaluating the need for and obtaining emergency medical care for Ms. Garot.

66.     The Doe Defendants breached their duties and were careless, negligent, wanton, reckless, and performed unlawful acts and/or omissions.

67.     As a direct and proximate result of Defendants' acts and/or omissions, described herein, Ms. Garot suffered severe physical injury, as set forth above. Thus, Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

68.     Pursuant to Cal. Gov't. Code § 815.2, Defendant County of San Diego is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendant and DOES 1 through 20 as follows:

1. For compensatory damages according to proof;

2. For punitive damages against Defendant DOES 1-20;

3. For interest;

4. For reasonable costs of suit and attorneys' fees pursuant to 42 U.S.C. Section 1988; and

5. For such further and other relief as the Court may deem just, proper, and appropriate.

LAW OFFICE OF STEVE HOFFMAN


Dated: September 13, 2019          Law Office of Steve Hoffman

                                   s/Steve Hoffman
                                   Attorneys for Plaintiff
                                   Email: shoffmanlaw@gmail.com