# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GAROT,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>                      Defendants. | Case No.: 19-cv-01650-H-AGS<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 8.] |

On September 13, 2019, Colleen Garot ("Plaintiff") filed a Second Amended Complaint (the "SAC") naming the County of San Diego (the "County" or "Defendant") and Does 1-20 (the "Defendant Does") as Defendants. (Doc. No. 7.) On September 27, 2019, Defendant County of San Diego filed a motion to dismiss the SAC. (Doc. No. 8.) On October 21, 2019, Plaintiff filed an opposition. (Doc. No. 9.) On October 28, 2019, Defendant filed a reply. (Doc. No. 10.) On October 29, 2019, the Court determined the motion was fit for resolution without oral argument and submitted the motion on the papers. (Doc. No. 11.)

## Background

The following facts are taken from the allegations in Plaintiff's complaint. This lawsuit is brought on behalf of Colleen Garot by Thomas Rainey as her court appointed conservator. (Doc. No. 7 ¶ 5.) Plaintiff Garot bring claims against the County of San Diego ("the County"); Sheriff William D. Gore; and twenty Doe defendants employed by the County of San Diego.

Plaintiff asserts five causes of action for: (1) 42 U.S.C. § 1983, Deliberate Indifference to a Substantial Risk of Harm to Health; (2) 42 U.S.C. § 1983 Liability for Unconstitutional Custom, Practice, or Police; (3) Professional Negligence under California Government Code § 844.6(d); (4) Failure to Summon Medical Care under California Government Code § 845.6; and (5) negligence under California law.

On April 13, 2018, Sheriff's deputies employed by the County were dispatched to Colleen Garot's residence. (Doc. No. 7 ¶ 10.) Upon arrival, the deputies found Plaintiff with "facial and head injuries, including a black left eye and bruising, abrasions" on her forehead. (Id. ¶ 11.) The deputies discovered that Ms. Garot had an outstanding warrant for her arrest. (Id. ¶ 10.) Deputies arrested Ms. Garot and transported her to the county jail. (Id. ¶ 12.) A picture of Ms. Garot taken at the time of her booking into the county jail shows her with a black eye and bruising on her forehead. (Id.)

Upon arrival at the county jail Ms. Garot was given a standard medical screening. (Id. ¶ 14.) Twelve hours later, Ms. Garot was seen by another County employee, "who noted the bruising around Ms. Garot's left eye and on her forehead." (Id. ¶ 14.)

The next morning, April 14, 2018, at about 7:00 a.m. Ms. Garot was evaluated by another County employee and given an ice pack for her black eye. (Id. ¶ 18.) Later that day, Ms. Garot was again seen by another unnamed County employee. (Id. ¶ 19.)

The following day, April 15, 2018, Ms. Garot was placed in a safety cell and scheduled to see a psychologist. (Id. ¶ 20.) At 5:00 p.m. that day, a psychologist saw Ms. Garot and noted that she was "low risk" and should be seen again the following day. (Id. ¶ 21.)

The following morning, April 16, 2018, Ms. Garot was observed "walking around her cell naked" and attempting to "climb the wall." (Id. ¶ 23.) Later that morning, around 11:20 a.m., a county employee found Ms. Garot in her cell "laying on her back with foamy like saliva coming out from her mouth." (Id. ¶ 24.) At that point, paramedics were called, and Ms. Garot was transported to the emergency room at Sharp Memorial Hospital where she was diagnosed with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, a subdural hematoma, and seizure. (Id. ¶ 25.)

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable

legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**II. Analysis**

A. Deliberate Indifference to a Substantial Risk of Harm to Health

Plaintiff brings a claim of action which alleges liability for a deliberate indifference to a substantial risk of harm to health against Defendant Does. (Doc. No. 7 at 6.) Defendant County does not move to dismiss the first cause of action for deliberate indifference as only Does are named in the Complaint and not the Defendant County. On the second cause of action, the County argues that Plaintiff has failed to plead their second cause of action for liability for an unconstitutional custom, practice, or policy in part because the SAC "does not allege facts to support the claim that Plaintiff's constitutional rights were violated." (Doc. No. 8-1, at 8.) Since this argument will depend, in part, on whether Plaintiff has adequately pled her first cause of action, the Court will address whether she has done so now.

The due process clause of the Fourteenth Amendment guarantees that pretrial detainees receive constitutionally adequate medical and mental health care.[1] Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), opinion reinstated, 658 F.3d 897 (9th Cir. 2011). That right requires treatment of a "serious" medical need, which exists when "failure to treat the condition could result in further significant injury or the unnecessary

---

[1] Plaintiff argues in the alternative that if Ms. Garot is deemed to be a convicted prisoner that her Eight Amendment rights have been violated. (Doc. No. 9. at 5-6.) Based on the facts alleged in the complaint such analysis is unnecessary. Ms. Garot was a pre-trial detainee.

4

and wanton infliction of pain." Id. at 1095 (internal quotation marks and citation omitted). Pretrial detainees also have a due process right to be protected from a substantial risk of serious harm. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067 (9th Cir. 2016). Such claims brought by pretrial detainees are evaluated under an objective deliberate indifference standard. Id. Accordingly, a pretrial detainee's medical care claim against an individual defendant requires:

(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) by not taking such measures, the defendant caused the plaintiffs injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

As to the third element, the defendant's conduct must be objectively unreasonable, which turns on the facts and circumstances of each particular case. Id. Importantly, these claims require proof of "more than negligence but less than subjective intent—something akin to reckless disregard." Id. Thus, contrary to a prisoner bringing claims under the Eighth Amendment, a pretrial detainee bringing claims under the Fourteenth Amendment "need not prove those subjective elements about the [defendant]'s actual awareness of the level of risk." Id. at 1125, n. 4 (internal quotation marks omitted.) Further, "[a] court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "[T]he mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Id.

Plaintiff's complaint alleges that "even though Ms. Garot had obvious head trauma and claimed a neurological disorder, Ms. Garot was not seen or examined by a medical

5

doctor." (Doc. No. 1 at ¶ 15.) Plaintiff further alleges that "although it was obvious that Ms. Garot needed immediate medical attention, the Sheriff's deputies did not request an ambulance or paramedic to the scene" at the time of her arrest. (Doc. No. 1 at ¶ 12.) Plaintiff contends that if Defendants had not acted with "deliberate indifference to Ms. Garot's obvious, serious health needs and provided medical attention, Ms. Garot would not presently by completely incapacitated . . . ." (Doc. No. 7. at ¶ 37.) In reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Accordingly, based on the allegations in the complaint, the Court concludes that the SAC pleads facts sufficient to establish Plaintiff's inadequate medical care claim.

B. Liability for Unconstitutional Custom, Practice, or Policy

Defendant County moves to dismiss Plaintiff's second cause of action which alleges liability for an unconstitutional custom, practice, or policy. (Doc. No. 8 at 4.) The Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983") provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim for municipal liability under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (internal citations omitted). Municipalities are "persons" under § 1983 and thus may be liable for causing a constitutional deprivation. Monell v. Dep't Soc. Serv., 436 U.S. 658, 690 (1978).

Section 1983 does not provide for respondeat superior liability. Id. at 691. Rather, it is only when execution of a municipality's policy or custom inflicts the injury that the municipality as an entity is responsible. Id. at 694. A policy is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam) (quoting Oviatt v. Pearce,

954 F.2d 1470, 1477 (9th Cir.1992)). A policy can be one of action or inaction. See City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Here, Plaintiff alleges only a failure to act claim. (See SAC.) "To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights." Long v. Cnty. of L.A., 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citations omitted). Defendant advances four arguments as to why Plaintiff has failed to adequately plead a failure to act claim.

First, Defendant argues Plaintiff's SAC cannot support a § 1983 claim because it "does not allege facts to support the claim that Plaintiff's constitutional rights were violated." (Doc. No. 8-1, at 8.) Defendant argues that "medical malpractice in the correctional setting is not the same as a constitutional violation" and that Plaintiff must show evidence of deliberate indifference to a serious medical need. Id. This argument fails as Plaintiff has adequately alleged a violation of her constitutional rights in the first cause of action for a § 1983 claim.

Second, Defendant argues that Plaintiff's SAC fails to identify how municipal policies or practices were unconstitutional or inadequate. (Doc. No. 8 at 10.) Plaintiff argues that the SAC "alleges a policy of inaction, not a formal policy . . ." and that this can be the basis for liability under 42 U.S.C. § 1983. (Doc. No. 9 at 8.) Defendant responds by arguing that "the 'inaction' and 'inadequacies' are not apparent from the SAC." (Doc No. 10 at 5.)

Plaintiff complaint alleges that Defendant maintained a policy of "inadequately staffing its facilities with personal" and "maintaining grossly inadequate procedures and protocols in the event inmates fac[ed] a serious medical condition" (Doc. No. 7 at ¶ 45.) Plaintiff's complaint also cites to a San Diego County Grand jury report that found in 2016, before this incident, that "policies and procedures for screening, placement and monitoring of detainees were obviously inadequate and need to be improved." (Doc. No. 7 at ¶ 42.)

7

Plaintiff contends that if Defendants had not acted with "deliberate indifference to Ms. Garot's obvious, serious health needs and provided medical attention, Ms. Garot would not presently by completely incapacitated . . ." (Doc. No. 7. at ¶ 37.) Plaintiff has alleged sufficient facts to support its theory that the County has a policy of inaction in the screening of pretrial detainees for serious medical problems which amounts to deliberate indifference towards detainees' medical needs. In reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Based on the present allegations, the complaint survives a motion to dismiss but Defendant may bring a motion for summary judgment when the Court may consider evidence outside of the pleadings and the record is more fully developed.

Third, Defendant contends that the SAC does not allege a pattern of similar constitutional violations necessary to make out a case of deliberate indifference. (Doc. No. 8 at 12.) Plaintiff, citing to the San Diego County Grand jury finding before this incident and a separate San Diego jury verdict holding the County liable for unsafe practices in the treatment of detainees, argues that they have adequately pled a pattern of similar constitutional violations. (Doc. No 7. at ¶ 42-43.) Defendant appropriately argues that the San Diego jury verdict is from 2019 and is "insufficient to show notice to policymakers before Plaintiff's injury, which occurred a year prior, in 2018." (Doc. No. 8 at 13.) However, the events which gave rise to that verdict occurred in 2016 and could have put policymakers on notice of a pattern of unsafe practices in the treatment of detainees before 2018. (Doc. No. 7. at 8-9.) The two instances Plaintiff cites are sufficient to satisfy the pleading standard articulated in Twomby.

Fourth, Defendant argues that the SAC lacks factual allegations sufficient to establish a causal link between Plaintiff's alleged harm and the County policy. (Doc. No. 8 at 13.) Plaintiff responds by pointing out that the SAC alleges that if Ms. Garot had received "proper medical care and been timely referred to a doctor" she would not

"presently be completely incapacitated . . . ." (Doc No. 9 at 10.) The Court views the facts contained in the pleadings in the light most favorable to the Plaintiff and must draw all reasonable inferences in their favor. Cedars-Sinai Medical Center v. National League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Give this pleading standard, the Court concludes that Plaintiff has alleged sufficient facts to survive a motion to dismiss. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's second cause of action.

C. State Law Immunity for Negligence and Professional Negligence

Since Plaintiff has adequately pled her 1983 claim the Court will also address the state law causes of action.[2] Plaintiff brings claims for negligence and professional negligence against the Defendant Does and the County. "California public entities are not subject to common law tort liability; all liability must be pursuant to statute." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 638 (9th Cir. 2012) (citing Cal. Gov't Code § 815). The County seeks the dismissal of Plaintiff's negligence causes of action on two different grounds: (1) the County is immune from liability under California Government Code section 844.6(a)(2) and (2) that the County is immune from liability under California Government Code section 855.6. (Doc. No. 8 at 20 and 21.)[3]

Defendant argues that he is immune from liability under California Government Code section 844.6(a)(2). California Government Code Section 844.6, states "a public entity is not liable for: (2) injury to any prisoner." Plaintiff counters by citing to California Government Code § 845.6, which states that an employee and public entity "is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and fails to take reasonable action to summon such medical care." Plaintiff has alleged

---

[2] If the Court subsequently dismisses or otherwise disposes of Plaintiff's federal claim, the Court reserves the right to decline jurisdiction over any remaining state claims.

[3] The County also argues that it cannot be liable for negligence or professional negligence based on Ms. Garot's arrest which was pursuant to a warrant. (Doc. No. 8 at 15-18.) Plaintiff clarifies in her Opposition that the basis for Ms. Garot's claim for negligence is not based on her lawful arrest. (Doc. No. 9 at 11.)

that Defendant had reason to know that medical attention was required based on Ms. Garot's erratic behavior and visible wounds and that this bring the County within the ambit of § 845.6. (Doc. No. 7 at ¶ 11,23.) At a motion to dismiss, the Court views the facts contained in the pleadings in the light most favorable to the Plaintiff and must draw all reasonable inferences in their favor. Cedars-Sinai Medical Center v. National League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Plaintiff has sufficiently alleged a delayed response to her injury which caused her harm and could establish liability under California Code § 845.6. Defendant's arguments are better suited to a motion for summary judgment when the Court may consider evidence outside of the pleadings and the record is more fully developed.

The County also argues that they are immune from liability under California Government Code § 855.6. Section 855.6 shields a public employee from liability "for injury caused by the failure to make a[n] examination, or to make an adequate [ ] examination, . . . for the purpose of determining whether [a] person has a . . . mental condition that would constitute a hazard to the health and safety of himself or others." Plaintiff argues that the immunity granted under Section 855.6 does not apply in "situation[s] where the defendant fails to provide medical care for a prisoner in obvious need of such care," as set forth in Lum v. City of San Joaquin, 756 F.Supp.2d 1243 (E.D. Cal. 2010). Plaintiff alleges in the complaint that Defendant "had, or had reason to have, actual knowledge that Ms. Garot was in need of medical care for her serious medical condition, a skull fracture and traumatic brain injury, and evidenced by Ms. Garot's black eye, head abrasions, and incoherence." (Doc. No. 7 at ¶ 60.) Plaintiff argues that the County knew of these symptoms and yet wrongfully failed to order further evaluations. In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Accordingly, the Court denies Defendants' Motion to dismiss Plaintiff's Third and Fifth Causes of Action. Defendant's arguments are better suited to a motion for

summary judgment when the Court may consider evidence outside of the pleadings and the record is more fully developed.

### D. Failure to Summon Medical Care

Lastly, Plaintiff brings a claim for Failure to Summon Medical Care under California Government Code Section 845.6 against the Defendant Does and the County. A claim for failure to furnish medical care is based on a violation of California Government Code § 845.6, which states in pertinent part:

> "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but ... a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

Defendant argues that any misdiagnosis of Ms. Garot's condition could not give rise to liability as a "failure to summon under Section 845.6." (Doc. No. 8 at 23.) Plaintiff contends that this is a mischaracterization of the SAC's allegations which claim instead that "the County, through its agents, knew or ha[d] reason to know that Ms. Garot was in need of immediate medical care and failed to take reasonable action to summon such medical care." (Doc. No. 9 at 18.) At a motion to dismiss, the Court views the facts contained in the pleadings in the light most favorable to the Plaintiff and must draw all reasonable inferences in their favor. Cedars-Sinai Medical Center v. National League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). The second amended complaint is enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Based on the allegations of the complaint, Plaintiff sets forth facts–disputed by Defendant–to support her claim of Failure to Summon Medical Care. Defendant's arguments are better suited to a motion for summary judgment when the Court may consider evidence outside of the pleadings and the record is more fully

developed. Accordingly, the Court denies the motion to dismiss the failure to summon medical care cause of action.

E. Federal Rule of Civil Procedure 8

The County moves to dismiss all the causes of action asserted against it for failure to comply with Federal Rule of Civil Procedure 8. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration and citation omitted). Plaintiff has adequately pled a cause of action for each of her claims. Accordingly, the Court declines to dismiss Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8.

**Conclusion**

For the foregoing reasons, the Court **DENIES** the motion to dismiss. The Court orders Defendant to answer Plaintiff's complaint by **December 13, 2019.**

**IT IS SO ORDERED.**

DATED: November 13, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

12

19-cv-01650-H-AGS