Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.677.3015/Fax: 888.320.9384
shoffmanlaw@gmail.com

Attorneys for Plaintiff

THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (State Bar No. 220961)
   STEVEN P. INMAN, II, Senior Deputy (State Bar No. 227748)
   JENNIFER M. MARTIN, Deputy (State Bar No. 322048)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836; Fax: (619) 531-6005
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GAROT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO; DOES 1-20,<br><br>　　　　Defendants. | NO. 19-CV-1650-H-AGS<br><br>**JOINT STATUS REPORT RE SERIOUS IMPEDIMENTS TO SETTLEMENT DISCUSSIONS PURSUANT TO ECF NO. 25 AND ECF NO. 27** |

Plaintiff Thomas Rainey, Conservator, on behalf of Colleen Garot ("Plaintiff") and Defendant County of San Diego ("County," and collectively with Plaintiff, the "Parties") submit this Status Report re Serious Impediments to Settlement Discussions pursuant to this Court's May 6, 2020, Order Setting Early Neutral Evaluation (ECF No. 25), and the Court's June 23, 2020 order resetting the Early Neutral Evaluation.

Plaintiff has filed suit against the County and unnamed Doe Defendants, alleging claims under 42 U.S.C. § 1983 and state law claims alleging the County was deliberately indifferent to Coleen Garot's serious medical needs during her three-day incarceration in County jails. Garot suffered a seizure in the Los Colinas Correctional Facility. She was transported by ambulance to Sharp Memorial Hospital where she was diagnosed with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, subdural hematoma, and seizure. Garot resides in a subacute nursing home and is conserved by her father, Plaintiff. Plaintiff proffers that it is not anticipated that Garot will ever be able to live independently.

Plaintiff intends to file an amended complaint before the September 11, 2020 deadline naming additional parties, including parties that are not employees of Defendant. Defendant intends to file a cross complaint against third parties before the deadline as well. The parties believe that the presence of other parties that were involved in Garot's care is necessary to effectuate a full settlement.

The California Department of Health Care Services (DHCS) was notified by Plaintiff's counsel in April, 2020 of the potential third liability. In a letter dated August 10, 2020, DHCS notified Plaintiff's counsel that no lien would be issued until a settlement occurred or Plaintiff was no longer being treated. In a phone conversation with a representative of DHCS on August 17, 2020, Plaintiff's counsel requested a preliminary lien amount so that the parties would be informed going into settlement discussions. Plaintiff's counsel was informed that DHCS could provide a preliminary lien amount, but that it would require approximately five to six weeks more to provide that amount.

Therefore, the parties respectfully submit the following list of serious impediments to settlement discussions:

1. Plaintiff's claims include allegations regarding Garot's care; however, none of the medical or mental health service providers that examined Garot are currently parties to this action. The parties are unlikely to be able to effectuate a full settlement without the presence of additional parties. The parties intend

to file actions against the medical and mental health service providers within one week from today.

      2. Plaintiff is unable to provide a settlement demand, and the County is unable to assess the value of the case, until Plaintiff obtains the preliminary lien amount from DHCS. Plaintiff anticipates that he will be able to receive and produce these records within five to six weeks. Defendants will then need approximately two weeks to review them.  For the foregoing reasons, the parties respectfully request a continuance of the ENE for at least sixty (60) days.

DATED: September 4, 2020        THOMAS E. MONTGOMERY, County Counsel

By: s/STEVEN P. INMAN, II, Senior Deputy
Attorneys for Defendant County of San Diego

DATED:  September 4, 2020       Law Office of Steve Hoffman

By: s/STEVE HOFFMAN
Attorney for Plaintiffs Thomas Rainey
Email: shoffmanlaw@gmail.com

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for all parties and that I have obtained authorization for all of the foregoing signatories to affix their electronic signature to this document.

DATED:  September 4, 2020       Law Office of Steve Hoffman

By: s/STEVE HOFFMAN
Attorney for Plaintiffs Thomas Rainey
Email: shoffmanlaw@gmail.com