Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman
180 Broadway, Suite 1810
San Diego, CA 92101
Tel: 619.677.3015/Fax: 888.320.9384
shoffmanlaw@gmail.com

Attorneys for Plaintiff Thomas Rainey

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

THOMAS RAINEY, Conservator, on behalf of COLLEEN GAROT

        Plaintiff,

v.

COUNTY OF SAN DIEGO, WILLIAM D. GORE, in his official capacity; STEVEN BLOCK, ARTHUR DOHERTY, QUOC TRAN, M.D.; MICHAEL STEWART, PH.D.; FRIEDRIKE VON LINTIG, M.D.; ANGELITO DELA CRUZ;; YAOWALUCK HAGG; SUSAN ANGUITAY, LEAH GACHE; SUSAN CONRAD; MYRA RADA-GRAGASIN; CHRISTINE ESER; M. GERMONO; MELISSA GRANT; MABEL DOMINGO; MA ESTAVILLO; EDNA GOMEZ-SANCHEZ; HELEN SALTER; COASTAL HOSPITALIST MEDICAL ASSOCIATES, a professional corporation; LIBERTY HEALTHCARE OF CALIFORNIA, INC., a professional corporation

        Defendants.

Case No.: 19-cv-01650-H-AGS

**THIRD AMENDED COMPLAINT**
**1. Deliberate Indifference to a Substantial Risk of Harm to Health (42 U.S.C. § 1983, 8th & 14th Am. of U.S. Constitution, and Ca. Gov. Code § 845.6)**

**2. Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

**3. Professional Negligence**

**4. Failure to Summon Medical Care (California Government Code § 845.6)**

**5. Negligence (California Government Code § 844.6(d))**

**JURY TRIAL DEMANDED**

- 1 -

**JURISDICTION AND VENUE**

1.     This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., and the Eighth and Fourteenth Amendments to the United States Constitution, for the violations of Ms. Garot's constitutional rights by deputies, employees and agents of the San Diego County Sheriff's Department. Jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343.

2.     Plaintiff also asserts state law claims of negligence and failure to summon medical care. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

3.     As a prerequisite to filing this complaint, on October 11, 2018, Plaintiff filed a Claim for Damages, pursuant to Government Code § 910, with the County of San Diego. The claim was rejected on November 27, 2018.

4.     Venue in this Court is proper under 28 U.S.C. § 1391(b). The incident giving rise to the claims in this lawsuit took place in the County of San Diego.

**PARTIES**

5.     Plaintiff Thomas Rainey is the conservator of Colleen Garot, appointed by the Superior Court of California, County of San Diego. Thomas Rainey brings this complaint pursuant to Fed. R. Civ. P. 17(c)(1)(C).   Colleen Garot is an incompetent adult individual who resides in San Diego County, California.

6.     Defendant County of San Diego is a public entity, a county in the State of California and was the employer of Defendants Block, Doherty, Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germano, Grant, Domingo, Estavillo, Gomez-Sanchez, and Salter at all times relevant to this lawsuit. Under its authority, Defendant County of San Diego operates and manages the Vista Detention Facility and the Los Colinas Detention Facility, and is, and was at all relevant times mentioned herein, responsible for the actions and/or inactions and

the policies, procedures and practices/customs of the Vista Detention Facility and the Los Colinas Detention Facility, and their respective employees and/or agent.

7. Plaintiff is informed and believes and thereon alleges that Defendant Deputy Steven Block (Block). previously sued herein as "DOE 1" is a resident of the County of San Diego, State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant Deputy Arthur Doherty (Doherty). previously sued herein as "DOE 2" is a resident of the County of San Diego, State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant Quoc Tran, M.D., ("Dr. Tran") previously sued herein as "DOE 3", is a resident of the County of San Diego, State of California and is a physician duly licensed by the State of California to practice medicine and/or surgery in said state, under License No. 76581, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

10. Plaintiff is informed and believes and thereon alleges that Defendant Michael Stewart, Ph.D., ("Dr. Stewart") previously sued herein as "DOE 4" is a resident of the County of San Diego, State of California and is a psychologist duly licensed by the State of California to practice psychology in said state, under License No. 15615, and at all relevant times herein was rendering psychological services to Plaintiff Colleen Garot.

11. Plaintiff is informed and believes and thereon alleges that Defendant Friedrike Von Lintig, M.D., ("Dr. Von Lintig") previously sued herein as "DOE 5" is a resident of the County of San Diego, State of California and is a physician duly licensed by the State of California to practice medicine and/or surgery in said state, under License No. 84284, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

12. Plaintiff is informed and believes and thereon alleges that Defendant Angelito Dela Cruz, (Dela Cruz) previously sued herein as "DOE 6" is a resident

of the County of San Diego, State of California and is a nurse practitioner duly licensed by the State of California to practice medicine in said state, under License No. 778039, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

13. Plaintiff is informed and believes and thereon alleges that Defendants Dr. Tran, Dr. Michael Stewart, Dr. Von Lintig and Ms. Dela Cruz were at all time relevant were the agents or ostensible agents for Defendant County of San Diego, and were acting under color of law. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig and Ms. Dela Cruz are sued in their individual capacity.

14. Plaintiff is informed and believes and thereon alleges that Defendant Yaowaluck Hagg, R.N. (Haag) previously sued herein as "DOE 7" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

15. Plaintiff is informed and believes and thereon alleges that Defendant Susan Anguitay, R.N. (Anitguay) previously sued herein as "DOE 8" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

16. Plaintiff is informed and believes and thereon alleges that Defendant Leah Gache, R.N. (Gache) previously sued herein as "DOE 9" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

17. Plaintiff is informed and believes and thereon alleges that Defendant Susan Conrad, R.N. (Conrad) previously sued herein as "DOE 10" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare

services to Plaintiff Colleen Garot.

18.     Plaintiff is informed and believes and thereon alleges that Defendant Myra Rada-Gragasin, R.N. (Rada-Gragasin) previously sued herein as "DOE 11" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

19.     Plaintiff is informed and believes and thereon alleges that Defendant Christine Eser, R.N. (Eser) previously sued herein as "DOE 12" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

20.     Plaintiff is informed and believes and thereon alleges that Defendant M, Germono, R.N. (Germono) previously sued herein as "DOE 13" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

21.     Plaintiff is informed and believes and thereon alleges that Defendant, Melissa Grant, R.N. (Grant) previously sued herein as "DOE 14" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

22.     Plaintiff is informed and believes and thereon alleges that Defendant Mabel Domingo, R.N. (Domingo) previously sued herein as "DOE 15" is a resident of the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

23.     Plaintiff is informed and believes and thereon alleges that Defendant Ma Estavillo, R.N. (Estavillo) previously sued herein as "DOE 16" is a resident of

the County of San Diego, State of California and is a nurse duly licensed by the State of California, and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot.

24.     Plaintiff is informed and believes and thereon alleges that Defendant Deputy Edna Gomez-Sanchez. (Gomez-Sanchez) previously sued herein as "DOE 17" is a resident of the County of San Diego, State of California.

25.     Plaintiff is informed and believes and thereon alleges that Defendant Deputy Helen Salter. (Salter) previously sued herein as "DOE 18" is a resident of the County of San Diego, State of California.

26.     Plaintiff is informed and believe and thereon alleges that Defendant Coastal Hospitalist Medical Associates, previously sued herein as "DOE 19" is a California corporation, and doing business in California under Corporate Entity No. C2313257, as a medical corporation.  Coastal Hospitalist Medical Associates is headquartered and operating in the County of San Diego, State of California and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot. Plaintiff is informed and believes Defendants Dr. Tran and Ms. Dela Cruz were agents or employees of Coastal Hospitalist Medical Associates, and at all relevant times were acting within the course and scope of their employment with Coastal Hospitalist Medical Associates.

27.     Plaintiff is informed and believe and thereon alleges that Defendant Liberty Healthcare of California, previously sued herein as "DOE 20" is a California corporation, and doing business in California under Corporate Entity No. C3615093, as a medical corporation. Liberty Healthcare of California, Inc. is headquartered and operating in the County of San Diego, State of California and at all relevant times herein was rendering healthcare services to Plaintiff Colleen Garot. Plaintiff is informed and believes that Defendants Dr. Stewart and Dr. Von Lintig were agents or employees of Liberty Healthcare of California, Inc. and at all relevant times were acting within the course and scope of their employment with

Liberty Healthcare of California, Inc.

28.    Plaintiff is informed and believes and thereon alleges that the Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, and Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, and Deputy Salter and were at all time relevant were employees of Defendant County of San Diego and performed the relevant acts within the course and scope of their employment as employees of the County of San Diego. These nurse defendants and Deputy defendants performed these acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. These nurse defendants and Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez and Deputy Salter are sued in their individual capacities (as to the claims under section 1983) and as employees of the County of San Diego (as to the state law claim).

29.    Defendant William Gore was, at all relevant times, the Sheriff of the County of San Diego, the highest position in the San Diego County Sheriff's Department. As Sheriff, Defendant Gore was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all San Diego County Sheriff's Department custodial employees and/or agents, and medical staff. At all times relevant, Defendant William Gore was acting under color of law.

30.    At all times relevant to this complaint, Defendant William Gore was the policy-maker for the San Diego Sheriff's Department (hereinafter "Sheriff's") and responsible for promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the Sheriff's Department alleged herein were committed, as well as the supervision and control of officers who are or were employed by the Sheriff's, who are under his command and/or who report to him.

/ / /

/ / /

## FACTUAL ALLEGATIONS

31.     On April 13, 2018, while acting in the course and scope of their employment, San Diego Sheriff's Deputies Block and Doherty were dispatched to Colleen Garot's residence at 1624 N. Coast Highway 101 in Encinitas, County of San Diego, California, to evict Ms. Garot.  At some point – either before or after encountering Ms. Garot – the Sheriff's Block and Doherty discovered Ms. Garot had an outstanding warrant for her arrest.

32.     When Block and Doherty arrived at Ms. Garot's residence, they found her with obvious and severe facial and head injuries, including a black left eye and bruising, abrasions and redness to her forehead.  Ms. Garot also had obvious bruising on her arms and feet.  It appeared to the Sheriff's deputies that Ms. Garot had been a victim of assault. Ms. Garot told Deputy Doherty that she had been "very unwell." Doherty then asked Garot "[w]here'd you get the black eye?" Garot responded that "she had a very weird affliction." Doherty asked no further questions about her facial injuries or health.

33.     Although it was obvious that Ms. Garot needed immediate medical attention, Block and Doherty did not request an ambulance or paramedic to the scene.  Instead, they arrested Ms. Garot based on the outstanding warrant and transported her to the county jail.

34.     Ms. Garot was booked at the jail, and her booking photograph clearly shows a severe black eye and bruising / abrasions on her forehead. See attached Exhibit A.

35.     Nurse Yaowaluck Hagg performed an intake assessment of Ms. Garot and filled out the Standard Medical Screening form.  The first question on the screening form asks if the inmate has "been injured, hurt or in an accident in the last 72 hours?"  Despite the obvious signs of trauma to her face and head (and the Sheriff's deputies' belief that Ms. Garot had been the victim of an assault), the response on the intake form was "N."

36.     Another question on the screening form was "Do you have any major medical problems?"  The response listed is "claims neurological disorder."  Even though Ms. Garot had obvious head trauma and claimed a neurological disorder, Ms. Garot was not seen or examined by a medical doctor.

37.     The screening form notes that Ms. Garot denied the black eye was from an injury, but said it was from her neurological disorder.  Ms. Garot claimed that the abrasions and redness on her forehead was from a fall 5 days prior.

38.     Approximately 12 hours later, Ms. Garot was seen by Nurse Practitioner Angelito Dela Cruz who noted the bruising around Ms. Garot's left eye and on her forehead. The form memorializing Ms. Garot's encounter with the County employee provides that Ms. Garot claimed the injuries were from her husband.  Ms. Garot was not given any further medical treatment.

39.     The following morning, April 14, 2018, at about 7:00 a.m., Deputy Gomez-Sanchez brought Collen Garot in for another evaluation by Nurse Anguitay. Ms. Garot had fallen and stated that "kinda I lost consciousness when I fell."  The black eye was noted as "racoon left eye" and the abrasions to her forehead were noted.  A bump on the back of Ms. Garot's head was noted from this recent fall.  Ms. Garot was given an ice pack and told to "give back ice pack to deputy, when done."

40.     Plaintiff is informed and believes and thereon alleges that Deputy Gomez-Sanchez was monitoring Collen Garot in the common area later that day on April 14, 2018 when Ms. Garot displayed clear signs of disorientation and unsteady gait.

41.     At approximately 11:00 p.m. on April 14, 2018, Dr. Tran examined Ms. Garot.  The record from that encounter notes that Ms. Garot had "chronic unsteady gait" and tremors, and "multiple bruises on face, left periorbital swelling."  Ms. Garot was returned to her cell with order to be on the "lower bunk/tier" and to "continue to monitor."

42. At approximately 1:18 p.m. on April 14, 2018, Nurse Leah Gache noted to please check on welfare, if not released from custody and patient still shaky admit to MOB or transfer to LCDRF.

43. The following day, April 15, 2018, Ms. Garot was "agitated and uncooperative," made "repeated, nonsensical statements" to the staff, and was placed in a "safety cell." Deputy Salter authored the safety cell placement incident report indicating the placement in the safety cell was appropriate.

44. Nurse Susan Conrad did an initial check on April 15, 2018, at approximately 11:30 a.m. Nurse Myra Rada-Gragasin did a safety evaluation on April 15, at approximately 11:24 a.m.

45. At approximately 5:00 p.m. on April 15, 2018, psychologist Dr. Michael Stewart examined Ms. Garot in her "safety cell." The psychologist noted that Ms. Garot needed prompting to cover herself appropriately and evidenced "significant disorganized" thought process and made contradicting and odd statements. Ms. Garot thought she was in a store and hallucinated, believing a dragonfly was on her arm and that she was seeing a cowboy. The psychologist noted that Ms. Garot was "low risk" and there should be a follow up in one day. Ms. Garot received no medical treatment.

46. During the night of April 15 and early morning hours of April 16, 2018, Ms. Garot repeatedly asked the deputies to let her out of her cell. At approximately 12:30 a.m., Ms. Garot was observed with "shakes." Ms. Garot denied having drug or alcohol withdraw symptoms. Again, the bruising to Ms. Garot's eye was noted. Bruising on Ms. Garot's chest and shoulders was also noted. Ms. Garot again said that the bruises were from a fall prior to her incarceration. Nurses Christine Eser, M. Germono, Melissa Grant, Mabel Domino, and Ma Estavillo were involved in safety cell evaluations during the night of April 15 and morning hours of April 16, 2018. Deputies known only by their ARJIS

Numbers 0055, 0708, 1068, 3260, 3418, 3458, 3656, 4023, 4704, 5407, 6047, 6247 and 3760 or 3260 all performed Las Colinas safety cell checks on Ms. Garot.

47.    At approximately 6:30 a.m. on April 16, 2018, Ms. Garot was observed walking around her cell naked and attempted to climb the wall. Later that morning at approximately 11:00 a.m., Ms. Garot was observed naked and delusional. The black eye was again noted, and "no acute [m]edical issues [were] noted at this time." Friedrike Von Lintig, M.D. evaluated Ms. Garot in the morning of April 16, 2018.

48.    At approximately 11:20 on April 16, 2018, another County employee checked Ms. Garot in her safety cell for a seizure. Ms. Garot was found in her cell laying on her back with "foamy like saliva coming out from her mouth." Deputy #5208 opened the door to the safety cell. Ms. Garot did not respond when her name was called but she was moaning. She was placed on her right side and "mild jerky movements to upper part of body" were noted. The black eye was again noted. Finally, after three days, paramedics were called and Ms. Garot was taken to the emergency room at Sharp Memorial Hospital.

49.    Sharp diagnosed Ms. Garot with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, subdural hematoma and seizure.

50.    As a direct and proximate result of the defendants' failure to obtain or furnish medical care to Ms. Garot when multiple employees knew or had reason to know that she had suffered from severe head trauma, Ms. Garot is now completely incapacitated and has suffered damages including but not limited to past and future medical and related expenses and general damages.

## FIRST CAUSE OF ACTION

### Deliberate Indifference to a Substantial Risk of Harm to Health and Safety

### (42 U.S.C. § 1983, 8th and 14th Amendment of the U.S. Constitution)

**Against Dep. Steven Block, Dep. Arthur Doherty, Quac Tran, M.D., Michael Stewart, Ph.D., Friedrike Von Lintig, M.D., Angelito Dela Cruz, Yaowalukc Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Dep. Edna Gomez-Sanchez, Dep. Helen Salter**

51.     Plaintiff repeats and re-alleges each and every allegation in paragraphs above in this Third Amended Complaint with the same force and effect as if fully set forth herein.

52.     From the time Ms. Garot was arrested and booked into detention by the County of San Diego, Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter repeatedly denied Ms. Garot proper medical care in repeated violation of her 8th and 14th Amendment Constitutional rights.

53.     Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domingo, and Estavillo, all licensed medical professionals, examined and observed Garot during the period she was in custody at the San Diego County jails, yet took no action to provide further treatment or medical care, other than an ice pack. Deputies Block, Doherty, Gomez-Sanchez, and Salter all observed Garot's condition and injuries and failed to summon further medical care. These defendants knew Ms. Garot was in urgent need of medical attention and treatment, and did not provide or summon it.

54.     Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter knew there was a substantial risk to Ms. Garot's health if she went untreated, but repeatedly refused to treat her or summon care.

55. As the result of the repeated denial of medical care, Ms. Garot spent her time in Defendants' custody in unnecessary and excruciating pain, suffering, and agony.

56. The denial of medical treatment to Ms. Garot exacerbated her condition to the point where her life was placed in jeopardy.

57. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, and Deputies Gomez Block, Doherty, Gomez-Sanchez, and Salter, by ignoring Ms. Garot and by failing to provide proper medical attention, acted with deliberate indifference to a serious health condition and Ms. Garot's medical needs.

58. If Ms. Garot is deemed to be a convicted inmate, Defendants by their acts of deliberate indifference in failing to provide medical care to treat Ms. Garot's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

59. If Ms. Garot is deemed to be a pretrial detainee, Defendants by their acts of deliberate indifference in failing to provide medical care to treat Ms. Garot's serious medical condition, the conduct thereof constitutes cruel and unusual punishment in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

60. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter were deliberately indifferent to Ms. Garot's serious medical needs. It is clear that a reasonable County employee / agent (whether jail employee / agent or Sheriff's deputy)/ostensible agent / consulting physician / consulting psychologist / consulting nurse practitioner that by denying medical care, Ms. Garot exposed to

undue suffering and threat of tangible residual injury. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez and Salter intentionally denied Ms. Garot proper medical care by failing to treat, timely refer to a doctor, or timely transfer Ms. Garot for proper medical care, causing her to suffer for approximately three days.

61. Had Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputes Block, Doherty, Gomez-Sanchez, and Salter not acted with deliberate indifference to Ms. Garot's obvious, serious health needs and provided medical attention, Ms. Garot would not presently be completely incapacitated and would not have suffered the damages alleged herein.

62. The damages Ms. Garot suffered were easily avoidable. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Ms. Garot's well-being and her Constitutional as well as human rights.

63. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter's acts and omissions violated Ms. Garot's Constitutional rights guaranteed under the Eighth and Fourteenth Amendments to the U.S. Constitution. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter knew that by failing to treat Ms. Garot, additional, serious injury was likely to occur.

64. Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant,

Domino, and Estavillo, Deputies Block, Doherty, Gomez-Sanchez, and Salter are each liable to Ms. Garot for compensatory and punitive damages under 42. U.S.C. §1983.

**SECOND CAUSE OF ACTION**

**Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**Against Defendants County of San Diego and William D. Gore**

65.     Plaintiff repeats and re-alleges each and every allegation in paragraphs above in this Third Amended Complaint with the same force and effect as if fully set forth herein.

66.     The San Diego County Grand Jury found in a report on San Diego County Jails filed June 1, 2016 that "Policies and procedures for screening, placement, and monitoring of detainees were obviously inadequate and need to be improved."

67.     On July 26, 2019, a jury found San Diego County Deputies and nurses employed by the County of San Diego liable for negligence after another detainee at a San Diego jail, David Collins, was booked into the jail on November 18, 2016. Collins alleged that he was booked with a noticeable abrasion on his forehead. Collins further alleged that he was medically evaluated by County employees and determined "fit for jail" and placed in to a holding cell, as was Garot. Collins further alleged that while in custody, he suffered multiple significant falls, was disoriented and had an unsteady gait, and yet San Diego County employees failed to obtain emergency medical attention, instead placing him in a sobering cell. Collins alleged that jail personnel finally called 9-1-1 the afternoon of November 19, 2016. Collins later was found to have a brain injury and is permanently disabled.

68.     The San Diego County Sheriff's Department Detention Services Bureau Policy and Procedure Manual contains no specific procedure for having detainees with visible head injuries to be examined by a medical doctor.

69.     On and for some time prior to April 13, 2018 (and continuing to the present date), Defendants deprived Ms. Garot of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the U.S. Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with deliberate indifference to the rights and liberties of Ms. Garot and persons in her class, situation, and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

> A.     Inadequately staffing its facilities with medical personnel thereby showing deliberate indifference to the serious health needs of its inmates, including Ms. Garot;

> B.     Inadequately supervising, training, controlling, and assigning employees, including Sheriff's deputies and medical staff stationed at detention facilities;

> C.     Maintaining grossly inadequate procedures and protocols in the event inmates facing a serious medical condition, including skull fractures and traumatic brain injuries;

> D.     Withholding not only urgent life sustaining medical care, but routine care to inmates in need of medical care.

70.     By reason of Defendants' policies and practices, Ms. Garot suffered severe medical injury, including, but not limited to, complete incapacitation as a result of an untreated skull fracture and traumatic brain injury.

71.     Defendants, together with other unidentified officials, had either actual or constructive knowledge of the deficient policies, procedures, practices, and customs alleged in the paragraphs above.  Despite having knowledge of the deficiencies, Defendants condoned, tolerated, and through actions and inactions, thereby ratified those policies.  Defendants also acted with deliberate indifference

to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of Ms. Garot, and others similarly situated.

72. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Ms. Garot's well-being and her Constitutional as well as human rights.

73. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, were affirmatively and linked to and were a significantly influential force behind Ms. Garot's injury.

74. Accordingly, Defendants County of San Diego and William D. Gore, in his official capacity as the final policy maker, are liable to Ms. Garot for compensatory damage under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

### Professional Negligence

**Against Quac Tran, M.D., Michael Stewart, Ph.D., Friedrike Von Lintig, M.D., Angelito Dela Cruz, Yaowalukc Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Coastal Hospitalist Medical Associates, Inc., Liberty Healthcare of California, Inc., and County of San Diego**

75. Plaintiff repeats and re-alleges each and every allegation in paragraphs above in this Third Amended Complaint with the same force and effect as if fully set forth herein.

76. Defendant employed Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo to medically evaluate, care for and treat Ms. Garot and do all things necessary in connection therewith. Defendants, and each of them, undertook said employment and undertook and agreed to medically evaluate, care for and treat Ms. Garot and do all things necessary in connection therewith.

77.     Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, , Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo,  and each of them, so negligently and carelessly examined, diagnosed, treated, failed to treat, and manage Ms. Garot's care so as to allow and cause the damages more fully set forth above.

78.     The negligence and carelessness of Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, , Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, and each of them, consisted of their failure to use that degree of skill and care ordinarily used by healthcare professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances.

79.     Defendants, and each of them, have a duty to operate and manage their detention facilities in a manner so as to prevent the acts and/or omissions alleged herein.  Defendants owed Ms. Garot, as an inmate in Defendants' custody, care, and control, a duty of due care to protect her health and physical safety.

80.     Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, were negligent and their conduct fell below a reasonable standard of care when they failed in their duties as custodians or health care providers to Ms. Garot.  It was foreseeable that as a result of Defendants' acts and omissions, as described above, Ms. Garot's condition would worsen, resulting in her physical injuries and suffering.  Defendants' breach proximately caused injuries and damages to Ms. Garot as Plaintiff claims herein.  Defendants were negligent pursuant to California Government Code § 844.6(d).

81.     Pursuant to Cal. Gov't. Code § 815.2, Defendant County of San Diego is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

82.     Defendant Coastal Hospitalist Medical Associates, Inc. is vicariously liable for the acts of Dr. Tran and Ms. Dela Cruz.

83.     Defendant Liberty Healthcare of California, Inc. is vicariously liable for the acts of Defendants Dr. Stewart and Dr. Von Lintig.

84.     As a result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was hurt and injured in her health, strength and activity, sustaining injury to her body, and shock and injury to his nervous system and person, all of which have caused and continue to cause said plaintiff permanent injury in her health and physical ability, and will cause plaintiff physical, mental and nervous pain and suffering, fright, grief, anxiety and apprehension, all to her general damage in an amount in excess of the jurisdictional limits of this court. As a further result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was required to and did employ physicians, surgeons and other healthcare providers to examine, treat and care for him and did incur medical, nursing, and incidental expenses.  The exact amount of such expense is unknown to plaintiff at this time, and inasmuch as the same is continuing and ongoing, plaintiff will seek leave of the court to prove said amount at the time of trial.

## FOURTH CAUSE OF ACTION

### Failure to Summon Medical Care

**Against Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, Coastal Hospitalist Medical Associates, Inc., Liberty Healthcare of California, Inc., and County of San Diego**

85.     Plaintiff repeats and re-alleges each and every allegation in paragraphs above in this Third Amended Complaint with the same force and effect as if fully set forth herein.

- 19 -

86.     Defendants had, or had reason to have, actual knowledge that Ms. Garot was in need of medical care for her serious medical condition, a skull fracture and traumatic brain injury, and evidenced by Ms. Garot's black eye, head abrasions, and incoherence.

87.     California Government Code § 845.6 creates an affirmative duty for jail officers "to furnish or obtain medical care for a prisoner in his custody."  Ms. Garot desperately required prompt medical attention from Defendants.  Defendants had actual or constructive knowledge of Ms. Garot's need for prompt medical attention and deliberately chose to not furnish care to Ms. Garot.  Defendants failed to discharge the duty imposed upon them by California Government Code § 845.6.  As a direct and proximate result of Defendants' acts and/or omissions, described herein, Ms. Garot suffered severe physical injury, as set forth above.

88.     Defendants are liable for their employees' breaches of duty to summon required medical care while acting in the course and scope of their employment.

89.     Defendant Coastal Hospitalist Medical Associates, Inc. is vicariously liable for the acts of Dr. Tran and Ms. Dela Cruz.

90.     Defendant Liberty Healthcare of California, Inc. is vicariously liable for the acts of Defendants Dr. Stewart and Dr. Von Lintig

91.     As a result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was hurt and injured in her health, strength and activity, sustaining injury to her body, and shock and injury to his nervous system and person, all of which have caused and continue to cause said plaintiff permanent injury in his health and physical ability, and will cause plaintiff physical, mental and nervous pain and suffering, fright, grief, anxiety and apprehension, all to her general damage in an amount in excess of the jurisdictional limits of this court. As a further result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was required to and did

employ physicians, surgeons and other healthcare providers to examine, treat and care for him and did incur medical, nursing, and incidental expenses. The exact amount of such expense is unknown to plaintiff at this time, and inasmuch as the same is continuing and ongoing, plaintiff will seek leave of the court to prove said amount at the time of trial.

## FIFTH CAUSE OF ACTION

### Negligence

### Against Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego

92. Plaintiff realleges and incorporates by reference the paragraphs stated above.

93. At all times relevant, Deputy Gomez-Sanchez, Deputy Salter, and the employees and agents of Defendant County of San Diego, and each of them, had a duty to exercise prudent care in the conduct of their activities or businesses.

94. In particular, it was the duty of Defendant Deputy Gomez-Sanchez, Deputy Salter, and the County of San Diego, and each of them, to exercise reasonable care with respect to evaluating the need for and obtaining emergency medical care for Ms. Garot.

95. Defendant Deputy Gomez-Sanchez, Deputy Salter, breached their duties and were careless, negligent, wanton, reckless, and performed unlawful acts and/or omissions.

96. As a direct and proximate result of Defendants' acts and/or omissions, described herein, Ms. Garot suffered severe physical injury, as set forth above. Thus, Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

97. Pursuant to Cal. Gov't. Code § 815.2, Defendant County of San Diego is liable for injury proximately caused by an act or omission of an employee of the

public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee under 42. U.S.C. §1983.

98.    As a result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was hurt and injured in her health, strength and activity, sustaining injury to her body, and shock and injury to her nervous system and person, all of which have caused and continue to cause said plaintiff permanent injury in her health and physical ability, and will cause plaintiff physical, mental and nervous pain and suffering, fright, grief, anxiety and apprehension, all to her general damage in an amount in excess of the jurisdictional limits of this court. As a further result of the negligence and carelessness of defendants, and each of them, Plaintiff Colleen Garot was required to and did employ physicians, surgeons and other healthcare providers to examine, treat and care for her and did incur medical, nursing, and incidental expenses.  The exact amount of such expense is unknown to plaintiff at this time, and inasmuch as the same is continuing and ongoing, plaintiff will seek leave of the court to prove said amount at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

1.    For compensatory and general damages according to proof;

2.    For punitive damages against Quac Tran, M.D., Michael Stewart, Ph.D., Friedrike Von Lintig, M.D., Angelito Dela Cruz, Yaowalukc Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Dep. Edna Gomez-Sanchez, Dep. Helen Salter, for the First Cause of Action;

3.    For interest;

4.    For reasonable costs of suit and attorneys' fees pursuant to 42 U.S.C. Section 1988; and

5.    For such further and other relief as the Court may deem just, proper, and appropriate.

LAW OFFICE OF STEVE HOFFMAN

Dated: September 11, 2020                    Law Office of Steve Hoffman

s/Steve Hoffman
Attorneys for Plaintiff
Email: shoffmanlaw@gmail.com