THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (State Bar No. 220961)
　　ROBERT A. ORTIZ, Senior Deputy (State Bar No. 246849)
　　STEVEN P. INMAN, II, Senior Deputy (State Bar No. 227748)
　　JENNIFER M. MARTIN, Deputy (State Bar No. 322048)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836; Fax: (619) 531-6005
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and William D. Gore

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAINEY, Conservator, on behalf of COLLEEN GAROT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE, in his official capacity; STEVEN BLOCK; ARTHUR DOHERTY; QUOC TRAN, M.D.; MICHAEL STEWART, PH.D; FRIEDRIKE VON LINTIG, M.D.; ANGELITO DELA CRUZ; YAOWALUCK HAGG; SUSAN ANGUITAY; LEAH GACHE; SUSAN CONRAD; MYRA RADA-GRAGASIN; CHRISTINE ESER; M. GERMONO; MELISSA GRANT; MABEL DOMINGO; MA ESTAVILLO; EDNA GOMEZ-SANCHEZ; HELEN SALTER; COASTAL HOSPITALIST MEDICAL ASSOCIATES, a professional corporation; LIBERTY HEALTHCARE OF CALIFORNIA, INC., a professional corporation,<br><br>　　　　Defendants. | No. 19-cv-1650-H-AGS<br><br>**DEFENDANTS COUNTY OF SAN DIEGO'S AND WILLIAM D. GORE'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Defendants County of San Diego and Sheriff William D. Gore ("Defendants") answer the Third Amended Complaint filed herein by admitting, denying and alleging as follows:

A. In response to paragraph 1, Defendants admit that Plaintiff purports to bring this suit under 42 U.S.C. § 1983, and that this Court's jurisdiction arises under 27 U.S.C. §§ 1331 and 1343. Except as expressly admitted, Defendants deny each and every other allegation.

B. In response to paragraph 2, Defendants admit that Plaintiff purports to bring claims for negligence and failure to summon medical care over which this court may exercise supplemental jurisdiction under 28 U.S.C. § 1367. Except as expressly admitted, Defendants deny each and every other allegation.

C. In response to paragraph 3, Defendants admit that a claim was filed with the County in October 2018 and that the claim was rejected on November 27, 2018. Except as expressly admitted, Defendants deny each and every other allegation.

D. In response to paragraph 4 Defendants admit that venue is proper in this district. Except as expressly admitted, Defendants deny each and every other allegation.

E. In response to paragraph 5, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

F. In response to paragraph 6, Defendants admit that the County of San Diego is a public entity and a County in the State of California, that it operates the Vista Detention Facility and the Los Colinas Detention Facility, and that it was the employer of Defendants Block, Doherty, Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germano, Grant, Domingo, Estavillo, Gomez-Sanchez, and Salter. The remaining allegations in this paragraph do not contain allegations against Defendants that require a response, as the paragraph contains statements of law, argument, and legal conclusions. To the extent a response is required, Defendants deny each and every allegation.

G. In response to paragraph 7, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

H. In response to paragraph 8, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

I. In response to paragraph 9, Defendants admit the allegations in this paragraph.

J. In response to paragraph 10, Defendants admit the allegations in this paragraph.

K. In response to paragraph 11, Defendants admit the allegations in this paragraph.

L. In response to paragraph 12, Defendants admit the allegations in this paragraph.

M. In response to paragraph 13, this paragraph contains no allegations to which a response is required as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

N. In response to paragraph 14, Defendants admit that Defendant Haag rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

O. In response to paragraph 15, the Defendants admit that Defendant Antiguay rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

P. In response to paragraph 16, Defendants admit that Defendant Gache rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

Q. In response to paragraph 17, Defendants admit that Defendant Conrad rendered healthcare services to Ms. Garot. Except as expressly admitted herein,

Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

R. In response to paragraph 18, Defendants admit that Defendant Raga-Gragasin rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

S. In response to paragraph 19, Defendants admit that Defendant Eser rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

T. In response to paragraph 20, Defendants admit that Defendant Germono rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

U. In response to paragraph 21, Defendants admit that Defendant Grant rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

V. In response to paragraph 22, Defendants admit that Defendant Domingo rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

W. In response to paragraph 23, Defendants admit that Defendant Estavillo rendered healthcare services to Ms. Garot. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the remaining allegations in this paragraph, and on that basis deny each and every remaining allegation.

X. In response to paragraph 24, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

Y.  In response to paragraph 25, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

Z.  In response to paragraph 26, Defendants admit the allegations in this paragraph.

AA.  In response to paragraph 27, Defendants admit the allegations in this paragraph except that Defendant Von Lintig was an agent or employee of Defendant Coastal Hospitalist Medical Associates and was acting in the course and scope of his employment with that entity or its alter ego, Coast Correctional Medical Group, P.C. Except as expressly admitted herein, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny the remaining allegations.

BB.  In response to paragraph 28, Defendants admit that Defendants Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, Estavillo, Block, Doherty, Gomez-Sanchez, and Salter were employees of the County of San Diego at all times relevant. The remaining allegations in this paragraph do not contain allegations against Defendants that require a response, as the paragraph contains statements of law, argument, and legal conclusions. To the extent a response is required, Defendants deny each and every allegation.

CC.  In response to paragraph 29, Defendants admit that William D. Gore is the Sheriff of San Diego County. The remaining allegations in this paragraph do not contain allegations against Defendants that require a response, as the paragraph contains statements of law, argument, and legal conclusions. To the extent a response is required, Defendants deny each and every allegation.

DD.  In response to paragraph 30, Defendants admit that William D. Gore is the Sheriff of San Diego County. The remaining allegations in this paragraph do not contain allegations against Defendants that require a response, as the paragraph contains statements of law, argument, and legal conclusions. To the extent a response is required, Defendants deny each and every allegation.

  EE. In response to paragraph 31, Defendants admit that on April 13, 2018, Sheriff Deputies went to 1624 N. Coast Highway 101 in Encinitas as part of an eviction and that Ms. Garot had a warrant out for her arrest.  Except as expressly admitted, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

  FF. In response to paragraph 32, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

  GG. In response to paragraph 33, Defendants admit that Ms. Garot was arrested on April 13, 2018 on the outstanding warranted and transported to jail.  Except as expressly admitted, Defendants deny the allegations.

  HH. In response to paragraph 34, Defendants admit that Ms. Garot was booked at the jail and that she had a black eye and bruising/abrasions on her forehead. Except as expressly admitted, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

  II. In response to paragraph 35, Defendants admit that Defendant Hagg completed the Standard Medical Screening Form with Ms. Garot.  Defendants further admit that the Standard Medical Screening Form states as set forth in that document and not otherwise.  Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

  JJ. In response to paragraph 36, Defendants admit that the Standard Medical Screening Form states as set forth in that document and not otherwise.  Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

  KK. In response to paragraph 37, Defendants admit that the Standard Medical Screening Form states as set forth in that document and not otherwise.  Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

  LL. In response to paragraph 38, Defendants admit that Ms. Garot was seen the same day by Nurse Practitioner Dela Cruz and that the form Nurse Practitioner Dela Cruz completed states as set forth in that document and not otherwise.  Defendants deny that

1  Nurse Practitioner Dela Cruz is or was a County employee.  Except as expressly admitted
2  herein, Defendants deny the allegations in this paragraph.

3        MM.  In response to paragraph 39, Defendants admit that Deputy Gomez-Sanchez
4  escorted Ms. Garot to Medical where she was seen by Nurse Anguitay and that Nurse
5  Anguitay's notes state as set forth in those notes and not otherwise.  Except as expressly
6  admitted herein, Defendants deny the allegations in this paragraph.

7        NN.  In response to paragraph 40, Defendants admit that Deputy Gomez-Sanchez
8  monitored Ms. Garot later that day.  Except as expressly admitted herein, Defendants
9  deny the allegations in this paragraph.

10        OO.  In response to paragraph 41, Defendants admit that Dr. Tran examined Ms.
11  Garot on April 14, 2018 and that the record from that encounter states as set forth in that
12  record and not otherwise.  Defendants deny that the examination occurred at
13  approximately 11:00 p.m.  Except as expressly admitted herein, Defendants deny the
14  allegations in this paragraph.

15        PP.  In response to paragraph 42, Defendants admit that Nurse Leah Gache's
16  notes state as set forth in her notes and not otherwise.  Except as expressly admitted
17  herein, Defendants deny the allegations in this paragraph.

18        QQ.  In response to paragraph 43, Defendants lack sufficient information or belief
19  to admit or deny the allegations, and on that basis deny each and every allegation.

20        RR.  In response to paragraph 44, Defendants lack sufficient information or belief
21  to admit or deny the allegations, and on that basis deny each and every allegation.

22        SS.  In response to paragraph 45, Defendants admit that Dr. Michael Stewart
23  examined Ms. Garot in her safety cell on April 15, 2018, and that Dr. Stewart's notes
24  state as set forth in those notes and not otherwise.  Except as expressly admitted herein,
25  Defendants deny the allegations in this paragraph.

26        TT.  In response to paragraph 46, Defendants lack sufficient information or belief
27  to admit or deny the allegations, and on that basis deny each and every allegation.
28  ///

UU.  In response to paragraph 47, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

VV.  In response to paragraph 48, Defendants admits that on April 16, 2018, paramedics were called for Colleen Garot.  Except as expressly admitted, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

WW.  In response to paragraph 49, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

XX.  In response to paragraph 50, Defendants deny the allegations in this paragraph.

## FIRST CAUSE OF ACTION

**Deliberate Indifference to a Substantial Risk of Harm to Health and Safety**

**(42 U.S.C. § 1983, 8th and 14th Amendment of the U.S. Constitution)**

**Against Dep. Steven Block, Dep. Arthur Doherty, Quac Tran, M.D., Michael Stewart, Ph.D., Fredrike Von Lintig, M.D., Angelito Dela Cruz, Yaowaluke Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Dep. Edna Gomez-Sanchez, Dep. Helen Salter.**

YY.  In response to paragraph 51, Defendants incorporate by reference their responses to each of the other paragraphs referenced in paragraph 51.

ZZ.  In response to paragraph 52, the allegations in this paragraph are not directed toward Defendants and no response is required.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

AAA. In response to paragraph 53, the allegations in this paragraph are not directed toward Defendants and no response is required.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

///

///

BBB. In response to paragraph 54, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

CCC. In response to paragraph 55, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

DDD. In response to paragraph 56, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

EEE. In response to paragraph 57, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

FFF. In response to paragraph 58, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

GGG. In response to paragraph 59, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

HHH. In response to paragraph 60, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

III. In response to paragraph 61, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

JJJ. In response to paragraph 62, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

///

1  KKK. In response to paragraph 63, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

LLL. In response to paragraph 64, the allegations in this paragraph are not directed toward Defendants and no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to the relief requested.

## SECOND CAUSE OF ACTION

### Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)

### Against Defendants County of San Diego and William D. Gore

MMM. In response to paragraph 65, Defendants incorporate by reference their responses to each of the other paragraphs referenced in paragraph 65.

NNN. In response to paragraph 66, Defendants admit that the San Diego County Grand Jury report filed June 1, 2016 states as set forth in the report and not otherwise. Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

OOO. In response to paragraph 67, Defendants lack sufficient information or belief to admit or deny the allegations, and on that basis deny each and every allegation.

PPP. In response to paragraph 68, Defendants admit that the San Diego County Sheriff's Department Detention Services Bureau Policy and Procedure Manual states as set forth in the manual and not otherwise. Except as expressly admitted herein, Defendants deny the allegations in this paragraph.

QQQ. In response to paragraph 69, Defendants deny the allegations in this paragraph.

RRR. In response to paragraph 70, Defendants deny the allegations in this paragraph.

SSS. In response to paragraph 71, Defendants deny the allegations in this paragraph.

///

TTT. In response to paragraph 72, Defendants deny the allegations in this paragraph.

UUU. In response to paragraph 73, Defendants deny the allegations in this paragraph.

VVV. In response to paragraph 74, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION
### Professional Negligence
**Against Quac Tran, M.D., Michael Stewart Ph.D., Fredrike Von Lintig, M.D., Angelito Dela Cruz, Yaowaluke Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Coastal Hospitalist Medical Associates, Inc., Liberty Healthcare of California, Inc. and County of San Diego**

WWW. In response to paragraph 75, Defendants incorporate by reference their responses to each of the other paragraphs referenced in paragraph 75.

XXX. In response to paragraph 76, Defendants deny the allegations in this paragraph.

YYY. In response to paragraph 77, Defendants deny the allegations in this paragraph.

ZZZ. In response to paragraph 78, Defendants deny the allegations in this paragraph.

AAAA. In response to paragraph 79, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

BBBB. In response to paragraph 80, Defendants deny the allegations in this paragraph.

///

CCCC. In response to paragraph 81, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

DDDD. In response to paragraph 82, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion.

EEEE. In response to paragraph 83, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion.

FFFF. In response to paragraph 84, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to relief.

**FOURTH CAUSE OF ACTION**

**Failure to Summon Medical Care**

**Against Defendants Dr. Tran, Dr. Stewart, Dr. Von Lintig, Ms. Dela Cruz, Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, Coastal Hospitalist Medical Associates, Inc., Liberty Healthcare of California, Inc. and County of San Diego**

GGGG. In response to paragraph 85, Defendants incorporate by reference their responses to each of the other paragraphs referenced in paragraph 85.

HHHH. In response to paragraph 86, Defendants deny the allegations in this paragraph.

IIII. In response to paragraph 87, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

///

JJJJ. In response to paragraph 88, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

KKKK. In response to paragraph 89, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion.

LLLL. In response to paragraph 90, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion.

MMMM. In response to paragraph 91, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to relief.

## FIFTH CAUSE OF ACTION

### Negligence

**Against Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego**

NNNN. In response to paragraph 92, Defendants incorporate by reference their responses to each of the other paragraphs referenced in paragraph 92.

OOOO. In response to paragraph 93, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

PPPP. In response to paragraph 94, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

QQQQ. In response to paragraph 95, Defendants deny the allegations in this paragraph.

RRRR. In response to paragraph 96, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to relief.

SSSS. In response to paragraph 97, this paragraph contains no allegations that require a response as the paragraph contains a statement of law, argument, and legal conclusion. To the extent a response is required, Defendants deny each and every allegation.

TTTT. In response to paragraph 98, Defendants deny the allegations in this paragraph and deny that Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

UUUU. Plaintiff's Prayer for Relief contains no allegations against Defendants to which a response is required. To the extent that a response is required, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1

As a first, separate and distinct affirmative defense, Defendants allege that the third amended complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2

As a second, separate and distinct affirmative defense, Defendants are not liable for common law negligence and is only liable pursuant to statute by operation of Section 815 of the California Government Code.

3

As a third, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of Defendant County of San Diego. Such superseding or intervening causes cut off the defendants' liability, if any.

4

As a fourth, separate and distinct affirmative defense, Defendants allege that Ms. Garot acted unreasonably, carelessly and negligently in and about the matters alleged in the third amended complaint in that plaintiff did not exercise ordinary care, caution or prudence for her own safety and protection. These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if Defendants are found legally responsible to Ms. Garot, then Defendants provisionally allege that their acts or omissions were not the sole and proximate cause of Ms. Garot's injuries and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to or caused the injuries and damages, according to proof presented at the time of trial.

5

As a fifth, separate and distinct affirmative defense, Defendant alleges that on or before the date of the subject accident or incident, Ms. Garot knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the third amended complaint.

6

As a sixth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, were the result of the exercise of the discretion vested in public officers and employees.

7

As a seventh, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

///

///

8

As an eighth, separate and distinct affirmative defense, Defendants allege that they are not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

9

As a ninth, separate and distinct affirmative defense, Defendant County of San Diego alleges that it is not subject to vicarious liability.

10

As a tenth, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of the County of San Diego.

11

As an eleventh, separate and distinct affirmative defense, Defendants allege that each and every act or omission of Defendants was made in good faith and in the reasonable belief in the necessity or propriety of such act or omission for the proper execution and enforcement of the law.

12

As a twelfth, separate and distinct affirmative defense, Defendants allege that they are not liable for alleged violations of civil or constitutional rights by non-policymakers.

13

As a thirteenth, separate and distinct affirmative defense, Defendants allege that the section 1983 action based on Sheriff law enforcement policies is precluded under *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004) holding that the Sheriff is a state actor.

14

As a fourteenth, separate and distinct affirmative defense, Defendants allege that the action is barred by Plaintiff's failure to exhaust available administrative remedies.

15

As a fifteenth, separate and distinct affirmative defense, Defendants allege that the action is barred by the failure of Plaintiff to timely comply with the administrative claim provisions of the Government Code by operation of section 945.4 of the Government Code.

16

As a sixteenth, separate and distinct affirmative defense, Defendants allege that the action is barred by the failure of Plaintiff to commence the action within the time required by section 945.6 of the Government Code.

17

As a seventeenth, separate and distinct affirmative defense, Defendants allege that the action is barred by the statute of limitations.

18

As an eighteenth, separate and distinct affirmative defense, Defendants allege that Plaintiff failed, refused, and neglected to reasonably mitigate damages, which bars or diminishes any recovery.

19

As a nineteenth, separate and distinct affirmative defense, Defendants allege that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

20

As a twentieth separate and distinct affirmative defense, Defendants allege they are not liable for punitive or exemplary damages by operation of section 818 of the Government Code and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

21

As a twenty-first, separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing and capacity to sue.

**22**

As a twenty-second, separate and distinct affirmative defense, Defendants alleges that they are not liable in that the injuries and damages, if there were any, were caused by the tortious acts or omissions of an independent contractor as defined in and pursuant to section 815.4 of the Government Code.

**23**

As a twenty-third, separate and distinct affirmative defense, Defendants allege that the Plaintiff's conduct was undertaken with unclean hands, and as such is estopped from pursuing Plaintiff's claims.

**24**

As a twenty-fourth, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries caused by any misrepresentation by officers or employees of the County of San Diego by operation of sections 818.8 and 822.2 of the Government Code.

**25**

As a twenty-fifth, separate and distinct affirmative defense, Defendants allege that they are not liable for any injury caused by an alleged failure to furnish or obtain medical care for a prisoner, by operation of section 845.6 of the Government Code.

**26**

As a twenty-sixth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 855.6 for any alleged failure to make a physical examination or to make an adequate physical or mental examination for the purpose of determining whether such person has a disease or physical or mental condition.

**27**

As a twenty-seventh, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 855.8 for the diagnosis and treatment of mental illness.

28

As a twenty-eighth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 856.4 for injury resulting from any claimed failure to admit a person to a medical facility.

29

As a twenty-ninth, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries rendered during emergency care by licensed medical care providers at the scene of an emergency, pursuant to section 2395 of the Business and Professions Code.

30

As a thirtieth, separate and distinct affirmative defense, Defendants allege that they are not liable for injuries arising out of the execution of a warrant or other process which was valid on its face, pursuant to Civil Code section 43.55.

WHEREFORE, said Defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That Plaintiff take nothing by this action;
3. That Defendants recover their costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: September 30, 2020        THOMAS E. MONTGOMERY, County Counsel

By: s/STEVEN P. INMAN, II, Senior Deputy
Attorneys for Defendants County of San Diego
and Sheriff William D. Gore