MARK L. KIEFER, ESQ., SB# 116633
mkiefer@ericksenarbuthnot.com
ROYCE Y. HUANG, ESQ. SB# 285136
rhuang@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
835 Wilshire Blvd., Suite 500
Los Angeles, CA  90017-2603
(213) 489-4411 / (213) 489-4332 Fax

Attorneys for Defendants and Cross-Claim Defendants, MICHAEL STEWART, PH.D. and LIBERTY HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAINEY, Conservator, on behalf of COLLEEN GAROT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, in his official capacity; STEVEN BLOCK, ARTHUR DOHERTY, QUOC TRAN, M.D.; MICHAEL STEWART, PH.D.; FRIEDRIKE VON LINTIG, M.D.; ANGELITO DELA CRUZ; YAOWALUCK HAGG; SUSAN ANGUITAY; LEAH GACHE; SUSAN CONRAD; MYRA RADA-GRAGASIN; CHRISTINE ESER; M. GERMONO; MELISSA GRANT; MABEL DOMINGO; MA ESTAVILLO; EDNA GOMEZ-SANCHEZ; HELEN SALTER; COASTAL HOSPITALIST MEDICAL ASSOCIATES, a professional corporation; LIBERTY HEALTHCARE OF CALIFORNIA, INC., a professional corporation,<br><br>Defendants.<br>_____ | CASE NO: 19-cv-01650-H-AGS<br><br>**ANSWER OF CROSS-CLAIM DEFENDANTS, MICHAEL STEWART, PH.D. AND LIBERTY HEALTHCARE CORPORATION TO CROSS-CLAIM OF COUNTY OF SAN DIEGO**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:  Marilyn L. Huff<br><br>Trial Date:  None Set |

///

1

COMES NOW, Defendants MICHAEL STEWART, PH.D. AND LIBERTY HEALTHCARE CORPORATION ( "Defendants") and hereby answer the Cross-Claim filed by Defendant and Cross-Claimant County of San Diego (hereafter "COUNTY") in the above-entitled action as follows:

## INTRODUCTION

1. In answering the "Introduction" of County's Cross-Claim, these answering Defendants answer that this "Introduction" states legal conclusions rather than factual allegations.

## PARTIES

2. In answering paragraph 1 these answering Defendants admit on information and belief that COUNTY is a public entity organized and existing under the laws of the State of California

3. In answering paragraph 2 these answering Defendants admit the allegations thereof.

4. In answering paragraph 3, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

5. In answering paragraph 4, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

6. In answering paragraph 5, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

7. In answering paragraph 6, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing

their denial on that ground, deny generally and specifically each and every allegation contained therein.

8. In answering paragraph 7, these answering Defendants admit the allegations thereof.

9. In answering paragraph 8, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

10. In answering paragraph 9, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

**JURISDICTION AND VENUE**

11. In answering paragraphs 10 and 11, these answering Defendants admit that COUNTY is ostensibly invoking jurisdiction of this district court under 28 U.S.C. §§ 1331, 1343 and 1367(a) and venue pursuant 28 U.S.C. § 1391(b).  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

**GENERAL ALLEGATIONS**

12. In answering paragraph 12, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

13. In answering paragraph 13, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every

allegation contained therein.

14.   In answering paragraph 14, these answering Defendants admit that on or about January 23, 2017 Liberty Healthcare Corporation entered into an agreement with COUNTY to provide on-site psychiatric health services to inmates in custody at the San Diego Central Jail (SDCJ) located at 1173 Front Street, San Diego, CA 92101, Las Colinas Detention and Reentry Facility (LCDRF) located at 451 Riverview Parkway, Santee, CA 92071, George Bailey Detention Center (GBDF) located at 446 Alta Road, Ste, 5300, San Diego, CA 92158, Vista Detention Facility (VDF) located at 325 S. Melrose Drive, Vista, CA 92081 and County Operations Center (COC) Medical Services Administration Office (hub location for Telepsychiatry) located at 5530 Overland Avenue, Suite 370, San Diego, CA 92123, a true and correct copy of which appears to be attached as Exhibit "A" to the Cross-Claim of COUNTY. The "Liberty Health Agreement" speaks for itself.

15..   In answering paragraph 15, these answering Defendants admit the allegations thereof.

16.   In answering paragraph 16, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

17.   In answering paragraph 17, these answering Defendants admit that COUNTY has correctly set forth certain specified allegations of the Plaintiff's Second Amended Complaint ("SAC") and that the SAC speaks for itself.

18.   In answering paragraph 18, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every

allegation contained therein.

19. In answering paragraph 19, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

20. In answering paragraph 20, these answering Defendants admit that on April 15, 2018, psychologist Dr. Michael Stewart conducted a focused safety/suicide risk assessment, but not a comprehensive psychological evaluation, of Colleen Garot at her safety cell, noted that Ms. Garot had a vague complaint of a possible visual hallucination, as in a dragonfly on her arm, seeing a cowboy. Defendants admit that Dr. Stewart reported that Ms. Garot was turning to her side and saying something as if to another person.  Except as so admitted, these answering Defendants deny generally and specifically each and every allegation contained therein.

21. In answering paragraph 21, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

22. In answering paragraph 22, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

23. In answering paragraph 23, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

24. In answering paragraph 24, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing

ANSWER OF DEFENDANTS MICHAEL STEWART, PH.D. AND LIBERTY HEALTHCARE CORPORATION TO COUNTY OF SAN DIEGO'S CROSS-CLAIM

their denial on that ground, deny generally and specifically each and every allegation contained therein.

## FIRST CLAIM

(Breach of Contract as to Cross-Claim Defendant Liberty Healthcare)

25. In answering paragraph 25, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 24.

26. In answering paragraph 26, these answering Defendants deny generally and specifically each and every allegation contained therein.

27. In answering paragraph 27, these answering Defendants deny generally and specifically each and every allegation contained therein.

28. In answering paragraph 28, these answering Defendants deny generally and specifically each and every allegation contained therein.

29. In answering paragraph 29, these answering Defendants deny generally and specifically each and every allegation contained therein.

30. In answering paragraph 30, these answering Defendants deny generally and specifically each and every allegation contained therein.

31. In answering paragraph 31, these answering Defendants deny generally and specifically each and every allegation contained therein.

## SECOND CLAIM

(Equitable Indemnity as to all Cross-claim Defendants)

32. In answering paragraph 32, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 31.

33. In answering paragraph 33, these answering Defendants deny generally and specifically each and every allegation contained therein.

34. In answering paragraph 34, these answering Defendants deny generally and specifically each and every allegation contained therein.

35. In answering paragraph 35, these answering Defendants deny generally and specifically each and every allegation contained therein.

36. In answering paragraph 36, these answering Defendants deny generally and specifically each and every allegation contained therein.

### THIRD CLAIM

(Declaratory Relief as to all Cross-claim Defendants)

37. In answering paragraph 37, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 36.

38. In answering paragraph 38, these answering Defendants deny each and every allegation contained therein.

39. In answering paragraph 39, these answering Defendants deny each and every allegation contained therein.

40. In answering paragraph 40, these answering Defendants deny each and every allegation contained therein.

### CROSS-CLAIMANT'S PRAYER FOR RELIEF RE CROSS-CLAIM

COUNTY'S prayer for relief does not require a response, but insofar as an answer is deemed necessary, these answering Defendants deny that COUNTY is entitled to the relief requested in the Cross-Claim or to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Without conceding that it has the burden of proof as to any of these matters, these answering Defendants assert the following affirmative defenses with respect to all of COUNTY's causes of actions and claims. These affirmative defenses are proffered with the caveat that these answering Defendants have not had the opportunity to undertake any discovery in this matter and COUNTY has not provided its initial disclosures. Accordingly, these answering Defendants reserve the right to amend this Answer to include additional affirmative defenses and/or additional factual bases for affirmative defenses stated below to the extent these answering Defendants deem such amendment(s) necessary.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Cross-Claim, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

COUNTY is estopped by its conduct from recovering any relief under the Cross-Claim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

COUNTY'S claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

COUNTY failed to properly mitigate its alleged damages and therefore is precluded from recovering those alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

COUNTY'S claims are barred under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Cross-Claim, and each purported cause of action therein, may be barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

The Cross-Claim, and each purported cause of action therein, may be barred to the extent that COUNTY failed to perform certain conditions

precedent to any obligations or indebtedness that these answering Defendants might otherwise have had toward COUNTY.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Contractual Terms)

The Cross-Claim, and each purported cause of action therein, may be barred to the extent that COUNTY has not fully complied with all the terms and conditions of the "Liberty Health Agreement."

## NINTH AFFIRMATIVE DEFENSE
### (Damage Caused by Others)

Without admitting that COUNTY was damaged as alleged in the Cross-Claim, the purported damages, if any, sustained or suffered by COUNTY was proximately caused or contributed to by the acts or omissions of other persons and entities and such acts or omissions were intervening and/or superseding cause(s) of COUNTY's damages, thus barring or reducing COUNTY's recovery against these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Cross-Claim, and each purported cause of action therein, may be barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Setoff)

Without admitting that COUNTY was damaged as alleged in the Cross- Claim, any obligations potentially owed by these answering Defendants if these answering Defendants are found liable for any amount, these answering Defendants are entitled to a setoff for amounts owed by COUNTY or third parties to these answering Defendants and/or amounts to which these answering Defendants have or may have a right to reimbursement.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Without admitting that COIUNTY was damaged by these answering Defendants, any damages COUNTY purportedly suffered were caused in whole or in part by COUNTY'S own comparative or contributory fault.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Contract Terms)

The Cross-Claim, and each purported cause of action therein, may be barred and/or limited by one or more terms of the "Liberty Health Agreement," and/or another applicable contract.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

COUNTY lacks standing to bring this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

COUNTY did not incur any out-of-pocket damages; the damages, if any, sought by way of the Cross-Claim belong to other persons or parties not joined as parties hereto.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Active - Passive Negligence Defense)

These answering Defendants allege that if, in fact, these answering Defendants are found to have been negligent in any manner, their negligence could only be passive and secondary, while the negligence of other named Defendants, or other unknown, unnamed parties would be active and primary and thus bar recovery on C0UNTY's Cross-Claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

These answering Defendants may have other separate and additional

defenses of which they are presently unaware; these answering Defendants reserve the right to allege other separate and additional defenses upon the discovery of additional facts.

## COUNTY'S PRAYER RE CROSS-CLAIM

WHEREFORE, these Answering Defendants pray that this Court enter a judgment as follows:

1. That the Cross-Claim be dismissed with prejudice and that judgment be entered in favor of these answering Defendants;

2. That COUNTY take nothing by way of its Cross-Claim;

3. That these answering Defendants be awarded their costs of suit incurred in defense of this action, including their reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

These answering Defendants demand a trial by jury in this matter.

DATED: October 27, 2020

ERICKSEN ARBUTHNOT

By: /s/ Mark L. Kiefer
MARK L. KIEFER, ESQ.
ROYCE Y. HUANG, ESQ.
Attorneys for Defendants,
MICHAEL STEWART, PH.D. and LIBERTY HEALTHCARE CORPORATION