MARK L. KIEFER, ESQ., SB# 116633
mkiefer@ericksenarbuthnot.com
ROYCE Y. HUANG, ESQ., SB# 285136
rhuang@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
835 Wilshire Blvd., Suite 500
Los Angeles, CA  90017-2603
(213) 489-4411 / (213) 489-4332 Fax

Attorneys for Defendants MICHAEL STEWART, PH.D. and LIBERTY
HEALTHCARE OF CALIFORNIA, INC. and Cross-Claim Defendants
MICHAEL STEWART, PH.D. and LIBERTY HEALTHCARE
CORPORATION

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAINEY and JUDY RAINEY, Co- Conservators, on behalf of COLLEEN GAROT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, in his official capacity; STEVEN BLOCK, ARTHUR DOHERTY, QUOC TRAN, M.D.; MICHAEL STEWART, PH.D.; FRIEDRIKE VON LINTIG, M.D.; ANGELITO DELA CRUZ; YAOWALUCK HAGG; SUSAN ANGUITAY; LEAH GACHE; SUSAN CONRAD; MYRA RADA-GRAGASIN; CHRISTINE ESER; M. GERMONO; MELISSA GRANT; MABEL DOMINGO; MA ESTAVILLO; EDNA GOMEZ-SANCHEZ; HELEN SALTER; COASTAL HOSPITALIST MEDICAL ASSOCIATES, a professional corporation; LIBERTY HEALTHCARE OF CALIFORNIA, INC., a professional corporation,<br><br>Defendants. _____ | CASE NO: 19-cv-01650-H-AGS<br><br>**ANSWER OF DEFENDANTS, MICHAEL STEWART, PH.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC. TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:  Marilyn L. Huff<br>Magistrate Judge: Andrew G. Schopler<br><br>Trial Date:  None Set |

COMES NOW, Defendants  MICHAEL STEWART, PH.D. AND LIBERTY HEALTHCARE OF CALIFORNIA, INC.( "Defendants") and hereby answer the Fourth Amended Complaint filed by the Plaintiff THOMAS RAINEY, Conservator, on behalf of COLLEEN GAROT ("Plaintiff") in the above-entitled action as follows:

## JURISDICTION AND VENUE

1.    In answering paragraphs 1, 2  and 4, these answering Defendants admit that Plaintiff is ostensibly invoking jurisdiction of this district court under 28 U.S.C. §§ 1331, 1343 and 1367(a) and venue pursuant 28 U.S.C. § 1391(b).  Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

2.    In answering paragraph 3, these answering Defendants lack information and belief sufficient to enable them to answer whether the County of San Diego received a claim from Plaintiff on October 11, 2018 and whether the County of San Bernardino rejected the claim on November 27, 2018.

## PARTIES

3.    In answering paragraphs 5, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26  these answering Defendants lack information and belief sufficient to enable them to answer thereto.  Except as expressly admitted, Defendants deny any remaining allegations contained in these paragraphs.

4.    In answering paragraph 6, these answering Defendants admit on information and belief that the COUNTY OF SAN DIEGO ("COUNTY") is a municipal public entity within the State of California and that it employs members of the San Diego County Sheriff's Department.  In answering paragraph 6, these answering Defendants admit on information and belief that

the COUNTY OF SAN DIEGO ("COUNTY") operates and manages the Vista Detention Facility and the Las Colinas Detention Facility. These answering Defendants lack information and belief sufficient to enable them to answer whether COUNTY employed the individual Defendants mentioned in paragraph 6 and whether COUNTY was responsible for the actions and/or inactions and the policies, procedures and practices/customs of the Vista Detention Facility and the Las Colinas Detention Facility and their respective employees and/or agent.  Except as expressly admitted, Defendants deny any remaining allegations contained in paragraph 6.

5.     In answering paragraph 10, these answering Defendants admit that Michael Stewart, Ph.D. is a resident of the County of San Diego, State of California and is a psychologist duly licensed by the State of California to practice psychology in said state, under License No. 15615 and conducted a focused safety/suicide risk assessment, but not a comprehensive psychological evaluation, of  Plaintiff Colleen Garot on or about April 15, 2018. Except as expressly admitted, Defendants deny any remaining allegations contained in paragraph 10.

6.     In answering paragraph 27, these answering Defendants admit that Liberty Healthcare of California, Inc. is a California Corporation, doing business in California under Corporate Entity No. C3615093 and provided a focused safety/suicide risk assessment, but not a comprehensive psychological evaluation, of  Plaintiff Colleen Garot on or about April 15, 2018 by and through Michael Stewart, Ph.D. and that at such time Michael Stewart, Ph.D. was acting within the course and scope of his employment with Liberty Healthcare of California, Inc. Except as expressly admitted, Defendants deny any remaining allegations contained in paragraph 27.

7.     In answering paragraph 28, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing

their denial on that ground, deny generally and specifically each and every allegation contained therein.

8.    In answering paragraph 29, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

9.    In answering paragraph 30, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

10.   In answering paragraph 31, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

11.   In answering paragraph 32, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

12.   In answering paragraph 33, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

13.   In answering paragraph 34, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

14.   In answering paragraph 35, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing

their denial on that ground, deny generally and specifically each and every allegation contained therein.

15.     In answering paragraph 36, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

16.     In answering paragraph 37, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

17.     In answering paragraph 38, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

18.     In answering paragraph 39, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

19.     In answering paragraph 40, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

20.     In answering paragraph 41, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

21.     In answering paragraph 42, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing

1   their denial on that ground, deny generally and specifically each and every

2   allegation contained therein.

3        22.    In answering paragraph 43, these answering Defendants lack

4   information and belief sufficient to enable them to answer thereto and basing

5   their denial on that ground, deny generally and specifically each and every

6   allegation contained therein.

7        23.    In answering paragraph 44, these answering Defendants lack

8   information and belief sufficient to enable them to answer thereto and basing

9   their denial on that ground, deny generally and specifically each and every

10  allegation contained therein.

11       24.    In answering paragraph 45, these answering Defendants admit

12  that on April 15, 2018, psychologist Dr. Michael Stewart conducted a focused

13  safety/suicide risk assessment, but not a comprehensive psychological

14  evaluation, of Colleen Garot at her safety cell, noted that Ms. Garot required

15  prompting to cover herself appropriately, evidenced significant disorganized

16  thought processes and presented with contradicting and odd statements

17  suggesting poor reality testing.  Defendants admit that Ms. Garot stated to Dr.

18  Stewart that she thought she was in a store.  Defendants admit that Ms. Garot

19  reported to Dr. Stewart vague complaint of a possible visual hallucination, as

20  in a dragonfly on her arm, seeing a cowboy. Defendants admit that Dr.

21  Stewart noted that Ms. Garot presented a low risk of harm to herself or to

22  others from a mental health perspective, and that the plan was for follow up

23  by a mental health provider in one day.  Defendants deny that Colleeen Garot

24  received no medical treatment.  Except as so admitted, these answering

25  Defendants deny generally and specifically each and every allegation

26  contained therein.

27       25.    In answering paragraph 46, these answering Defendants lack

28  information and belief sufficient to enable them to answer thereto and basing

6

their denial on that ground, deny generally and specifically each and every allegation contained therein.

26.    In answering paragraph 47, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

27.    In answering paragraph 48, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

28.    In answering paragraph 49, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

29. In answering paragraph 50, these answering Defendants deny generally and specifically each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**Deliberate Indifference to a Substantial Risk of Harm**
**to Health and Safety**
**(42 U.S.C. § 1983, 8th and 14th Amendment of the U.S. Constitution)**
**Against Dep. Steven Block, Dep. Arthur Doherty, Quac Tran, M.D., Michael Stewart, Ph.D., Friedrike Von Lintig, M.D., Angelito Dela Cruz, Yaowaluck Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Dep. Edna Gomez-Sanchez, Dep. Helen Salter.**

30.    In answering paragraph 51, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 50.

31.    In answering paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62,

7

63, 64, these answering Defendants deny each and every allegation contained therein as to these answering Defendants, and in particular, as to Defendant Michael Stewart, Ph.D.  As to the allegations set forth in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64  as to Defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**Against Defendants County of San Diego and William D. Gore**

32.     The Second Cause of Action, for alleged Unconstitutional Custom or Policy (42 U.S.C. § 1983), and paragraphs 65 through 74 thereof, are alleged as against Defendants County of San Diego and William D. Gore and not against these Answering Defendants. Accordingly, no further response to this cause of action, or the allegations set forth therein, is required from these Answering Defendants.

## THIRD CAUSE OF ACTION

**Professional Negligence**

**Against Quac Tran, M.D., Michael Stewart, Ph.D., Friedrike VonLintig, M.D., Angelito Dela Cruz, Yaowalukc Hagg, Susan Anguitay, Leah Gache, Susan Conrad, Myra Rada-Gragasin, Christine Eser, M. Germono, Melissa Grant, Mabel Domingo, Ma Estavillo, Coastal Hospitalist Medical Associates, Inc., Liberty Healthcare of California, Inc., and County of San Diego**

33.     In answering paragraph 75, these answering Defendants repeat and re-allege their responses to paragraphs 1 through 74.

34.     In answering paragraph 76, these answering Defendants admit

that Michael Stewart, Ph.D. agreed to conduct a psychological assessment of Colleen Garot on or about April 15, 2018.  Except as so admitted, these answering Defendants deny generally and specifically each and every allegation contained therein against these answering Defendants.  As to the allegations set forth in paragraph 76 as to Defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

35.    In answering paragraph 77, these answering Defendants deny each and every allegation contained therein as to these answering Defendants, and in particular, as to Defendant Michael Stewart, Ph.D.  As to the allegations set forth in paragraph 77 as to Defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

36.    In answering paragraph 78, these answering Defendants deny each and every allegation contained therein as to these answering Defendants, and in particular, as to Defendant Michael Stewart, Ph.D.  As to the allegations set forth in paragraph 78 as to Defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

37.    In answering paragraph 79, these answering Defendants admit that these answering Defendants had a duty to follow the standard of care as to its mental health encounters with Colleen Garot.  Except as so admitted, these

answering Defendants deny generally and specifically each and every allegation contained therein.

38.    In answering paragraph 80, these answering Defendants deny each and every allegation contained therein as to these answering Defendants, and in particular, as to Defendant Michael Stewart, Ph.D.  As to the allegations set forth in paragraph 80 as to Defendants other than these answering Defendants, these answering Defendants lack information and belief sufficient to enable them to answer thereto and basing their denial on that ground, deny generally and specifically each and every allegation contained therein.

39.    In answering paragraph 81, these answering Defendants answer that these paragraphs states legal conclusions rather than factual allegations.

40.     In answering paragraph 82, these answering Defendants answer that these paragraphs states legal conclusions rather than factual allegations.

41.    In answering paragraph 83, these answering Defendants answer that this paragraph states legal conclusions rather than factual allegations.

42.    In answering paragraph 84, these answering Defendants deny each and every allegation contained therein.

## **FOURTH CAUSE OF ACTION**

### **Failure to Summon Medical Care**

**Against Defendants Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego**

43.    The Fourth Cause of Action, for alleged Failure to Summon Medical Care, and paragraphs 85 through 89 thereof, are alleged as against Defendants Nurses Hagg, Anguitay, Gache, Conrad, Rada-Gragasin, Eser, Germono, Grant, Domino, and Estavillo, Deputy Block, Deputy Doherty,

Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego and not against these Answering Defendants. Accordingly, no further response to this cause of action, or the allegations set forth therein, is required from these Answering Defendants.

## FIFTH CAUSE OF ACTION

### Negligence

**Against Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego**

50.     The Fifth Cause of Action, for alleged Negligence, and paragraphs 90 through 96 thereof, are alleged as against Defendants Deputy Block, Deputy Doherty, Deputy Gomez-Sanchez, Deputy Salter, and County of San Diego and not against these Answering Defendants. Accordingly, no further response to this cause of action, or the allegations set forth therein, is required from these Answering Defendants.

## AFFIRMATIVE DEFENSES

### I.

### (Failure to State Cause of Action)

As a further, separate and affirmative defense, Defendants allege the Third Amended Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### II.

### (Active - Passive Negligence Defense)

As a further, separate and affirmative defense, Defendants allege that if, in fact, Defendants are found to have been negligent in any manner, their negligence could only be passive and secondary, while the negligence of other named Defendants, or other unknown, unnamed parties would be active and primary and thus bar recovery on Plaintiff's' Third Amended Complaint.

### III.

#### (Negligence of Others/Independent Contractors)

As a further, separate and affirmative defense, Defendants allege that at all times mentioned herein, if Plaintiff was damaged, such damage was proximately caused by the independent conduct of third parties or entities, both known or unknown, and/or by independent contractors and each of them, who were negligent, careless, and reckless and unlawfully conducted themselves so as to substantially contribute to Plaintiff's injuries. Said negligence, if any, either bars in whole or in part damages sought herein against this answering Defendants and recovery against these Defendants must therefore be reduced accordingly. This answering Defendants would not be responsible for any actions or omissions by independent contractors.

### IV.

#### (Comparative Negligence)

As a further, separate and affirmative defense, Defendants allege that at all times mentioned herein, Plaintiff and or Plaintiff's conservator was negligent, careless and reckless and unlawfully conducted themselves so as to substantially contribute to Plaintiff's alleged injuries and damages compared to the conduct of all other parties, all of which said negligence either bars in whole or in part damages sought herein or any recovery by Plaintiff against these answering Defendants.

### V.

#### (Joint and Several Liability)

As a further, separate and affirmative defense, Defendants allege that in the event Plaintiff should establish any liability on the part of these answering Defendants, which liability is expressly denied, these answering Defendants may be obligated to pay sums representing a percentage of fault not its own, but that of Plaintiff and/or Plaintiff's conservator, other parties to

this action and/or third persons not parties to this action.  These answering Defendants are entitled to adjudication and determination of the respective proportions or percentages of fault, if any, on these answering Defendants' part and on the part of the Plaintiff and other parties to this action and third persons not parties to this action pursuant to the Doctrines of Comparative Negligence and the Fair Responsibility Act of 1986, codified in *C.C.P.* §§ 1431, 1431.1, 1431.2, 1431.4, 1431.5 and 1432.

# VI.

## (Unavoidable Accident)

As a further, separate and affirmative defense, Defendants allege that the damages sustained by Plaintiff, if any, were the result of an unavoidable accident insofar as Defendants are concerned which occurred without any negligence, want of care, default or other breach of duty to the Plaintiff on the part of these Defendants.

# VII.

## (Failure to Mitigate Damages)

As a further, separate and affirmative defense, Defendants allege that at all times mentioned herein, Plaintiff and/or Plaintiff's conservator failed to use reasonable care to reduce and mitigate or minimize as much as reasonably possible, the damages, if any, and that said failure was the direct and proximate cause of any and all damages, if any, sustained by Plaintiff.

# VIII.

## (Statute of Limitations)

As a further, separate and affirmative defense, Defendants allege that the Third Amended Complaint and every cause of action contained therein is barred by the Statute of Limitations set forth in *C.C.P.* §§ 335, 335.1, 337 and 340.5.

///

## IX.

### (*Civil Code* § **1714.8**)

As a further, separate and affirmative defense, Defendants allege that Plaintiff is barred from recovering the relief sought within the Third Amended Complaint on file herein pursuant to *Civil Code* § 1714.8.

## X.

### (MICRA)

As a further, separate and affirmative defense, Defendants allege that pursuant to *Civil Code* §§ 3333.1, 3333.2 and *C.C.P.* § 667.6, Defendants intend, at the time of trial, to diminish, strike or eliminate those damages allegedly sustained by Plaintiff.

## XI.

### (Superseding Causes)

As a further, separate and affirmative defense, Defendants allege that if Plaintiff herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or not yet served, either known or unknown, and not these answering Defendants and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiff herein.

## XII.

### (*Health and Safety Code* § 1317(c))

As a further, separate and affirmative defense, Defendants allege that Plaintiff is barred from recovering the relief sought within the Third Amended Complaint on file herein pursuant to *Health and Safety Code* § 1317(c).

## XIII.

### (Protection and Immunity)

As a further, separate and affirmative defense, Defendants allege that

Plaintiff has have failed to state facts sufficient to constitute a cause of action or basis for recovery and Defendants are entitled to the protections and immunities contained in *Health and Safety Code*, including but not limited to sections 1799.102, 1799.104, 1799.106-108 and 1799.110.

## XIV.

### (Failure to Join Indispensable Parties)

As a further, separate and affirmative defense, Defendants allege that to the extent Plaintiff has failed to join necessary and indispensable parties to this action, some or all of Plaintiff's claims are barred.

## XV.

### (Qualified Immunity)

As and for a further affirmative defense, Defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, Defendants are entitled to qualified immunity.

## XVI.

### (Government Code Section 815)

As and for a further affirmative defense, Defendants allege that pursuant to Government Code Section 815, these answering Defendants are not liable for any injury, except as otherwise provided by statute.

## XVII.

### (Government Code Section 820.4)

As and for a further affirmative defense, Defendants allege that these answering Defendants are immune from liability pursuant to Government Code Section 820.4

## XVIII.

### (Government Code Immunities)

As and for a further affirmative defense, Defendants allege that

Plaintiff's action is barred by all applicable Government Code immunities, including but not limited to, Sections 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846.  Said sections are pleaded as though fully set forth herein.

## XIX.

### (California Penal Code)

As and for a further affirmative defense, Defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Sections 43, 55.

## XX.

### (California Code of Civil Procedure Section 425.13(a))

As and for a further affirmative defense, Defendants allege that Plaintiff has failed to comply with the California Code of Procedure Section 425.13(a) with respect to its alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

## XXI.

### (Immune under Federal Civil Rights Act)

These answering Defendants are immune from liability pursuant to the Federal Civil Rights Act where they reasonably believed their actions were lawful.

## XXII.

### (No Violation of Federal Civil Rights)

Plaintiff did not sustain an injury sufficient to give rise to a violation of her federal civil rights.

///

///

## XXIII.

### (Policy, Custom, Usage Not Established)

The requisite policy, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## XXIV.

### (Superseding and Intervening Cause)

These answering Defendants allege that the damages allegedly suffered by Plaintiff, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's' alleged damages which thereby relieves these answering Defendants from liability.

## XXV.

### (Civil Code §§ 1431 to 1431.5)

The damages, if any, should be in direct proportion to the fault of these answering Defendants if any, as provided by Civil Code §§ 1431 to 1431.5.

## XXVI.

### (Assumption of Risk)

Defendants are not liable pursuant to the doctrine of assumption of risk.

## XXVII.

### (Health and Safety Code)

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was providing emergency services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

## XXVIII.

As a separate and affirmative defense to the Third Amended Complaint and to the alleged violations of U.S.C. §1983, Defendants allege that Plaintiff has failed to exhaust administrative and/or contractual remedies.

## XXIX.

### (Reckless and Wanton)

At all times mentioned in the Third Amended Complaint, Plaintiff acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Third Amended Complaint; that such careless, reckless, and wanton and negligent conduct proximately contributed to the injuries and damages sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

## XXX.

### (Reservation for Additional, Unknown Affirmative Defenses)

As a further, separate and affirmative defense, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether or not they have additional, as yet unstated affirmative defenses available. Discovery has not yet commenced in this case, and additional facts may be uncovered during the course of discovery which give rise to additional affirmative defenses in the event that they are indicated by the evidence. Defendants reserve the right to assert such affirmative defenses by this reservation.

WHEREFORE, these answering Defendants pray for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by way of her Third Amended Complaint;

2.      That the Court award Defendant their costs of suit incurred herein;

3. That the Court award Defendants their reasonable attorney's fees and legal expenses; and

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

These answering Defendants demand a trial by jury in this matter.

DATED: November 17, 2020

ERICKSEN ARBUTHNOT

/s/ Mark L. Kiefer

By: _____

MARK L. KIEFER, ESQ.
ROYCE Y. HUANG, ESQ.
Attorneys for Defendants,
MICHAEL STEWART, PH.D. and LIBERTY
HEALTHCARE OF CALIFORNIA, INC. and
Cross-Claim Defendants MICHAEL
STEWART, PH.D. and LIBERTY
HEALTHCARE CORPORATION