UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GAROT,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>                    Defendants. | Case No.: 19-cv-01650-H-AGS<br><br>**ORDER DENYING MOTION TO DISMISS CROSS-CLAIM WITHOUT PREJUDICE**<br><br>[Doc. No. 46.] |

On October 29, 2020, Defendants Coastal Hospitalist Medical Associates, Friedrike Von Lintig, M.D., Angelito Dela Cruz, and Coast Correctional Medical Group ("Moving Defendants") filed a motion to dismiss Defendant County of San Diego ("the County")'s cross-claim for declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 46.) On November 16, 2020, the Court took the matter under submission. (Doc. No. 55.) On November 16, 2020, the County filed its response in opposition. (Doc. No. 56.) On November 23, 2020, Moving Defendants filed their reply. (Doc. No. 59.) For the reasons below, the Court denies Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, and Coast Correction's motion to dismiss the cross-claim without prejudice.

///

///

**Background**

The following facts are taken from the allegations in Plaintiff's fourth amended complaint. This lawsuit is brought on behalf of Colleen Garot by Thomas Rainey as her court appointed conservator. (Doc. No. 53, FAC ¶ 5.) Plaintiff Garot brings claims against Defendants County of San Diego; Sheriff William D. Gore; Steven Block; Arthur Doherty; Quoc Tran, M.D.; Michael Stewart, Ph.D; Friedrike Von Lintig, M.D.; Angelito Dela Cruz; Yaowaluck Hagg; Susan Anguitay; Leah Gache; Susan Conrad; Myra Rada-Gragasin; Christine Eser; M. Germono; Melissa Grant; Mabel Domingo; Ma Estavillo; Edna Gomez-Sanchez; Helen Salter; Coastal Hospitalist Medical Associates; and Liberty Healthcare of California, Inc. (Id. at 1.)

On April 13, 2018, San Diego Sheriff's deputies Block and Doherty were dispatched to Colleen Garot's residence. (Doc. No. 53, FAC ¶ 31.) Upon arrival, the deputies found Plaintiff with "facial and head injuries, including a black left eye and bruising, abrasions" on her forehead. (Id. ¶ 32.) The deputies discovered that Ms. Garot had an outstanding warrant for her arrest. (Id. ¶ 31.) The deputies arrested Ms. Garot and transported her to the county jail. (Id. ¶ 33.) A picture of Ms. Garot taken at the time of her booking into the county jail shows her with a black eye and bruising on her forehead. (Id. ¶ 34, Ex. A.)

Upon arrival at the county jail, Nurse Hagg performed an intake assessment of Ms. Garot and filled out the Standard Medical Screening form. (Id. ¶ 35.) Twelve hours later, Ms. Garot was seen by Nurse Practitioner Dela Cruz, "who noted the bruising around Ms. Garot's left eye and on her forehead." (Id. ¶ 38.)

The next morning, April 14, 2018, at about 7:00 a.m. Ms. Garot was evaluated by Nurse Anguitay and given an ice pack for her black eye. (Id. ¶ 39.) Later that day, at approximately 11:00 p.m., Ms. Garot was seen by Dr. Tran. (Id. ¶ 41.)

The following day, April 15, 2018, Ms. Garot was placed in a safety cell and scheduled to see a psychologist. (Id. ¶ 43.) At approximately 5:00 p.m. that day, psychologist Dr. Stewart saw Ms. Garot and noted that she was "low risk" and should be seen again the following day. (Id. ¶ 45.)

The following morning, April 16, 2018, Ms. Garot was observed "walking around her cell naked" and attempting to "climb the wall." (Id. ¶ 47.) Later that morning, around 11:20 a.m., a county employee found Ms. Garot in her cell "laying on her back with 'foamy like saliva coming out from her mouth.'" (Id. ¶ 48.) At that point, paramedics were called, and Ms. Garot was transported to the emergency room at Sharp Memorial Hospital where she was diagnosed with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, subdural hematoma, and seizure. (Id. ¶¶ 48-49.) Plaintiff alleges that as a direct and proximate result of Defendants' failure to obtain or furnish medical care to Ms. Garot when multiple employees knew or had reason to know that she had suffered from severe head trauma, Ms. Garot is now completely incapacitated and has suffered damages. (Id. ¶ 50.)

On May 18, 2019, Plaintiff filed a complaint in the Superior Court of California County of San Diego. (Doc. No. 1-2, Compl.) On August 30, 2019, the County removed the action to the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. No. 1, Notice of Removal.) In the operative complaint, Plaintiff's fourth amended complaint, Plaintiff asserts five causes of action for: (1) 42 U.S.C. § 1983, Deliberate Indifference to a Substantial Risk of Harm to Health; (2) 42 U.S.C. § 1983 Liability for Unconstitutional Custom, Practice, or Police; (3) Professional Negligence under California Government Code § 844.6(d); (4) Failure to Summon Medical Care under California Government Code § 845.6; and (5) negligence under California law. (Doc. No. 53, FAC ¶¶ 51-96.)

On September 10, 2020, Defendant County of San Diego filed cross-claims against several Co-Defendants for: (1) breach of contract; (2) equitable indemnity; and (3) declaratory relief. (Doc. No. 34.) By the present motion, Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, and Coast Correction move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant County of San Diego's cross-claim for declaratory relief. (Doc. No. 46-1 at 2.)

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the

. . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

In its cross-claims, the County allege a cross-claim for declaratory relief against the Moving Defendants. (Doc. No. 34, Cross-Claims ¶¶ 37-40.) Moving Defendants argue that this cross-claim for declaratory relief should be dismissed for failure to state a claim. (Doc. No. 46-1 at 6-9.) Specifically, Moving Defendants argue that the cross-claim fails to satisfy the requirements set forth in California Code of Civil Procedure § 1060. (Id. at 7-9.)

As an initial matter, the parties dispute the statutory basis for the declaratory relief cross-claim. Moving Defendants contend that the statutory basis for the County's cross-claim for declaratory relief is California Code of Civil Procedure § 1060. (Doc. No. 46-1 at 7.) In response, the County contend that its cross-claim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and not Section 1060. (Doc. No. 56 at 4.) The County argues that because it brought its claim for relief in federal court, the Declaratory Judgment Act applies to its cross-claim instead of Section 1060. (Id.) The County is correct. When a claim for declaratory relief is brought in federal court, "the court must conduct its analysis under the Declaratory Judgment Act (DJA)" even if the

action was removed from state court.  Welsh v. Am. Home Mortg. Assets, LLC, No. 4:13-CV-04750 CW, 2014 WL 4954144, at *9 (N.D. Cal. Sept. 30, 2014) (citing Golden Eagle Insurance Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (1998) (en banc)); see also, e.g., Eastman v. Allstate Ins. Co., No. 14CV0703-WQH-NLS, 2014 WL 5355036, at *6 (S.D. Cal. Oct. 20, 2014); In re Adobe Sys., Inc. Privacy Litig., 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014); Gilliam v. Bank of Am., N.A., No. SACV171296DOCJPRX, 2018 WL 6537160, at *16 (C.D. Cal. June 22, 2018).  Thus, the Declaratory Judgment Act applies to the County's cross-claim for declaratory relief.[1]  As such, Moving Defendants' contention that the cross-claim should be dismissed for failure to satisfy the requirements of California Code of Civil Procedure § 1060 fails, and, therefore, the Court declines to dismiss the County's cross-claim for declaratory relief.

In response, Moving Defendants explain that their motion to dismiss was based on the County asserting its cross-claim for declaratory relief under state law because, in its cross-claims, the County only cites to 28 U.S.C. § 1367, the provision governing supplemental jurisdiction, as the basis for its claims. (Doc. No. 59 at 2-3; see Doc. No. 34, Cross-Claims ¶ 11.)  The County does not cite to 28 U.S.C. § 1331, the provision governing federal question jurisdiction.  (See id.)  Moving Defendants argue that in light of this omission by the County that if the Court denies their motion to dismiss, the denial should be without prejudice to Moving Defendants filing a renewed Rule 12(b)(6) motion to dismiss addressing the merits of the declaratory relief cross-claim under the Declaratory Judgment Act.  (Id. at 3.)  The Court acknowledges that the County's cross-claims only

---

[1] The Court acknowledges that some district courts "have applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity." Fenton v. Wells Fargo Home Mortg., No. 17-CV-0113 DMS (WVG), 2017 WL 1346672, at *4 (S.D. Cal. Apr. 12, 2017); see, e.g., Hernandez v. Select Portfolio, Inc., No. CV 15-01896 MMM AJWX, 2015 WL 3914741, at *13 (C.D. Cal. June 25, 2015).  But this is of no consequence because, here, the Court is not sitting in diversity jurisdiction.  The present action was removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  (See Doc. No. 1, Notice of Removal ¶¶ 4-5.)

cite to 28 U.S.C. § 1367.  (See Doc. No. 34, Cross-Claims ¶ 11.)  As such, the Court's denial of Moving Defendant's motion to dismiss will be without prejudice to Moving Defendants filing a renewed Rule 12(b)(6) motion to dismiss the declaratory relief cross-claim, addressing the merits of the cross-claim under the Declaratory Judgment Act.

## Conclusion

For the foregoing reasons, the Court denies Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, and Coast Correction's motion to dismiss the County's cross-claim for declaratory relief without prejudice to the Moving Defendants filing a renewed motion to dismiss the cross-claim consistent with the analysis set forth in this order within 30 days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: November 23, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT