# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GAROT,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>                    Defendants. | Case No.: 19-cv-01650-H-AGS<br><br>**ORDER DENYING MOTION TO DISMISS AMENDED CROSS-CLAIM**<br><br>[Doc. No. 65.] |

On December 10, 2020, Defendants Coastal Hospitalist Medical Associates, Friedrike Von Lintig, M.D., Angelito Dela Cruz, and Coast Correctional Medical Group filed a motion to dismiss Defendant County of San Diego's amended cross-claim for declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 65.) On December 14, 2020, the Court took the matter under submission. (Doc. No. 67.) On December 18, 2020, Defendant Quoc Tran filed a notice of joinder in the motion to dismiss. (Doc. No. 69.) On December 28, 2020, the County filed a response in opposition to the motion to dismiss. (Doc. No. 70.) On December 30, 2020, Moving Defendants filed their reply. (Doc. No. 71.) For the reasons below, the Court denies Defendants Coastal

Hospitalist, Von Lintig, Dela Cruz, Coast Correction and Tran's motion to dismiss the County's cross-claim for declaratory relief.

## Background

The following facts are taken from the allegations in Plaintiff's fourth amended complaint. This lawsuit is brought on behalf of Colleen Garot by Thomas Rainey as her court appointed conservator. (Doc. No. 53, FAC ¶ 5.) Plaintiff Garot brings claims against Defendants County of San Diego; Sheriff William D. Gore; Steven Block; Arthur Doherty; Quoc Tran, M.D.; Michael Stewart, Ph.D; Friedrike Von Lintig, M.D.; Angelito Dela Cruz; Yaowaluck Hagg; Susan Anguitay; Leah Gache; Susan Conrad; Myra Rada-Gragasin; Christine Eser; M. Germono; Melissa Grant; Mabel Domingo; Ma Estavillo; Edna Gomez-Sanchez; Helen Salter; Coastal Hospitalist Medical Associates; and Liberty Healthcare of California, Inc. (Id. at 1.)

On April 13, 2018, San Diego Sheriff's deputies Block and Doherty were dispatched to Colleen Garot's residence. (Doc. No. 53, FAC ¶ 31.) Upon arrival, the deputies found Plaintiff with "facial and head injuries, including a black left eye and bruising, abrasions" on her forehead. (Id. ¶ 32.) The deputies discovered that Ms. Garot had an outstanding warrant for her arrest. (Id. ¶ 31.) The deputies arrested Ms. Garot and transported her to the county jail. (Id. ¶ 33.) A picture of Ms. Garot taken at the time of her booking into the county jail shows her with a black eye and bruising on her forehead. (Id. ¶ 34, Ex. A.)

Upon arrival at the county jail, Nurse Hagg performed an intake assessment of Ms. Garot and filled out the Standard Medical Screening form. (Id. ¶ 35.) Twelve hours later, Ms. Garot was seen by Nurse Practitioner Dela Cruz, "who noted the bruising around Ms. Garot's left eye and on her forehead." (Id. ¶ 38.)

The next morning, April 14, 2018, at about 7:00 a.m. Ms. Garot was evaluated by Nurse Anguitay and given an ice pack for her black eye. (Id. ¶ 39.) Later that day, at approximately 11:00 p.m., Ms. Garot was seen by Dr. Tran. (Id. ¶ 41.)

The following day, April 15, 2018, Ms. Garot was placed in a safety cell and scheduled to see a psychologist. (Id. ¶ 43.) At approximately 5:00 p.m. that day,

psychologist Dr. Stewart saw Ms. Garot and noted that she was "low risk" and should be seen again the following day. (Id. ¶ 45.)

The following morning, April 16, 2018, Ms. Garot was observed "walking around her cell naked" and attempting to "climb the wall." (Id. ¶ 47.) Later that morning, around 11:20 a.m., a county employee found Ms. Garot in her cell "laying on her back with 'foamy like saliva coming out from her mouth.'" (Id. ¶ 48.) At that point, paramedics were called, and Ms. Garot was transported to the emergency room at Sharp Memorial Hospital where she was diagnosed with a left basilar skull fracture, acute hypoxemic respiratory failure, encephalopathy after traumatic brain injury, subdural hematoma, and seizure. (Id. ¶¶ 48-49.) Plaintiff alleges that as a direct and proximate result of Defendants' failure to obtain or furnish medical care to Ms. Garot when multiple employees knew or had reason to know that she had suffered from severe head trauma, Ms. Garot is now completely incapacitated and has suffered damages. (Id. ¶ 50.)

On May 18, 2019, Plaintiff filed a complaint in the Superior Court of California, County of San Diego. (Doc. No. 1-2, Compl.) On August 30, 2019, Defendant the County removed the action to the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. No. 1, Notice of Removal.) In the operative complaint, Plaintiff's fourth amended complaint, Plaintiff asserts five causes of action for: (1) 42 U.S.C. § 1983, Deliberate Indifference to a Substantial Risk of Harm to Health; (2) 42 U.S.C. § 1983, Liability for Unconstitutional Custom, Practice, or Police; (3) Professional Negligence under California Government Code § 844.6(d); (4) Failure to Summon Medical Care under California Government Code § 845.6; and (5) negligence under California law. (Doc. No. 53, FAC ¶¶ 51-96.)

On September 10, 2020, Defendant County of San Diego filed cross-claims against several Co-Defendants for: (1) breach of contract; (2) equitable indemnity; and (3) declaratory relief. (Doc. No. 34.) On November 23, 2020, the Court denied Defendants

Coastal Hospitalist, Von Lintig, Dela Cruz, and Coast Correction's motion to dismiss the County's cross-claim for declaratory relief without prejudice. (Doc. No. 61.)

On December 4, 2020, the County filed amended cross-claims against the cross-claim Defendants for: (1) breach of contract; (2) equitable indemnity; and (3) declaratory relief. (Doc. No. 64.) By the present motion, Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, Coast Correction, and Tran move pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6) to dismiss the County's cross-claim for declaratory relief. (Doc. No. 65-1 at 6.)

## Discussion

### I. Moving Defendants' Rule 12(b)(1) Motion to Dismiss

In the amended cross-claims, the County alleges a cross-claim for declaratory relief pursuant to 28 U.S.C. § 2201 against all of the cross-claim Defendants. (Doc. No. 64 ¶¶ 37-40.) Specifically, the County seeks "a declaration of the respective liabilities of the parties for the damages Plaintiff has alleged in this action, and a declaration of Cross-claim Defendants' responsibility for indemnification or contribution to the County for the sum or sums which the County may be compelled to pay and for which Cross-claim Defendants have been determined to be responsible." (Id. ¶ 39.) Moving Defendants move to dismiss this cross-claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 65-1 at 10-14.)

#### A. Legal Standards for a Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Here, Moving Defendant's Rule 12(b)(1) motion focuses solely on the allegations in

the County's amended cross-claims, and, thus, they make a facial attack under Rule 12(b)(1). (See Doc. No.65-1 at 10-13.) "In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party." Strojnik v. Kapalua Land Co. Ltd, 379 F. Supp. 3d 1078, 1082 (D. Haw. 2019) (citing Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)); see Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 (9th Cir. 2003); Rimac v. Duncan, 319 F. App'x 535, 536 (9th Cir. 2009).

### B. Analysis

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has explained that in determining whether the claimant's allegations are sufficient to state a claim for declaratory relief "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941); accord MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007); see also Wi2Wi, Inc. v. Twin City Fire Ins. Co., No. 19-CV-06995-BLF, 2020 WL 4913489, at *6 (N.D. Cal. May 5, 2020) ("'[T]o state a claim for declaratory relief under 28 U.S.C.[] § 2201, a plaintiff must show that an actual controversy exists based on the totality of the circumstances.'" (quoting Basic Research, LLC v. Rath, No. C-09-00942 RMW, 2009 WL 3064771, at *2 (N.D. Cal. Sept. 24, 2009))).

In the amended cross-claims, the County alleges that it has requested indemnification or contribution from the Cross-Defendants as to Plaintiff's claims in this action, but the Cross-Defendants "have denied the County's requests for indemnity and contribution." (Doc. No. 64 ¶ 24.) The County further alleges that: "An actual controversy

has arisen and now exists between the County and Crossclaim Defendants in that the County contends that (1) responsibility for the damages Plaintiff claims rests entirely or partially with the Cross-claim Defendants; and (2) as a result, Cross-claim Defendants are obligated to completely or partially indemnify the County for any sum or sums which the County may be compelled to pay as a result of any alleged damage, judgment, or other award recovered by Plaintiff." (Id. ¶ 38.) The County contends that these allegations are sufficient to allege an actual and substantial controversy between the parties regarding their liabilities for Plaintiff's claims. (Doc. No. 70 at 1, 5-6.) The Court agrees. With these allegations, the County has adequately stated a claim for declaratory relief under 28 U.S.C. § 2201.[1]

Moving Defendants argue that the County's cross-claim for declaratory relief fails to present a sufficient controversy because the cross-claim is not yet ripe. (Doc. No. 65-1 at 10-13; Doc. No. 71 at 2-5.) Specifically, Moving Defendants argue that the declaratory relief cross-claim is unripe because the cross-claim is dependent on future contingencies that may or may not occur, namely, future determinations of liability. (Doc. No. 65-1 at 12.) Moving Defendants argue that at this stage in the proceedings what if any liability exists is entirely speculative. (Id. at 12-13; Doc. No. 71 at 4-5.) Moving Defendants' ripeness argument fails because the contention fails to appreciate that the claim at issue is a cross-claim brought under Federal Rule of Civil Procedure 13(g).

Under Rule 13(g), a cross-claim for indemnification or contribution need not be mature at the time of pleading. See Wada v. Aloha King, LLC, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015); U.S. Bank, N.A. for Certificateholders of LXS 2007-16N Tr. v. Mar-A-Lago Homeowners Ass'n, No. 216CV00565GMNNJK, 2018 WL 3865375, at *4 (D. Nev. Aug. 13, 2018). Rather, "[a] crossclaim can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff." Wada, 154 F. Supp. 3d at 1003 (citing Glens

---

[1] The Court notes that the Moving Defendants do not challenge the adequacy of the County's cross-claim for equitable indemnity in their motion to dismiss.

Falls Indem. Co. v. U.S. ex rel. and to use of Westinghouse Elec. Supply Co., 229 F.2d 370, 372–74 (9th Cir. 1955) ("Rules 13 and 14 . . . authorize the assertion of cross-claims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff.")); see State Comp. Ins. Fund v. Drobot, No. SACV130956AGCWX, 2015 WL 12712320, at *2 (C.D. Cal. Dec. 18, 2015) ("Rule 13(g) explicitly allows Defendants to bring contingent claims against their co-defendants."). The Tenth Circuit has explained:

> [Rule 13(g)] empowers a party litigant to plead as a cross-claim any claim against a co-party arising out of the transaction or occurrence or relating to the property that is the subject matter of the original action; and it expressly authorizes the inclusion in such cross-claim a claim that the party against whom it is asserted "is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." The rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case.

Providential Dev. Co. v. U.S. Steel Co., 236 F.2d 277, 281 (10th Cir. 1956); see also Am. Rivers, Inc. v. Nooa Fisheries, No. CV-04-0061-RE, 2006 WL 435580, at *1 (D. Or. Feb. 21, 2006) ("'Rule 13(g) was intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action.'"). Thus, although the County's cross-claim is contingent upon the ultimate adjudication of the parties' liabilities to Plaintiff in this action, that fact is not a proper basis for dismissal of a cross-claim. See Glens Falls Indem., 229 F.2d 370, 372–74; Wada, 154 F. Supp. 3d at 1003; Drobot, 2015 WL 12712320, at *2. As such, the Court rejects the Moving Defendants' ripeness argument.

Moving Defendants also argue that the declaratory relief cross-claim should be dismissed for lack of subject matter jurisdiction because the cross-claim is not based on a federal question or other requirement for federal subject matter jurisdiction. (Doc. No. 65-1 at 13-14.) This argument fails because a cross-claim need not present a federal question in order for the Court to have jurisdiction over it. The Ninth Circuit has explained:

> [I]f either a cross-claim under Rule 13 or a third-party claim under Rule 14

>does arise out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, no independent basis of jurisdiction for the cross-claim or third-party claim need be alleged or proved.

Glens Falls, 229 F.2d at 374; see Travelers Commercial Ins. Co. v. Gabai Const., No. 13-CV-01881-BAS DHB, 2015 WL 6828482, at *4 (S.D. Cal. Nov. 6, 2015); Pilavskaya v. Henderson, No. CV 11-4075 CAS EX, 2012 WL 3279517, at *4 (C.D. Cal. Aug. 9, 2012).

Here, the Court has jurisdiction over the original action. In the operative complaint, Plaintiff alleges claims created by federal law, specifically two civil rights claims pursuant to 42 U.S.C. § 1983. (See Doc. No. 53, FAC ¶¶ 51-74.) Thus, the complaint confers the Court with federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331. See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Further, the cross-claim at issue arises out of the same subject matter as Plaintiff's claims as it is a claim seeking a declaration of responsibility for indemnity or contribution to the County as to Plaintiff's underlying claims. See 28 U.S.C. § 1367; Pilavskaya, 2012 WL 3279517, at *4. (See Doc. No. 64 ¶¶ 38-39.) As such, the Court has jurisdiction over the cross-claim, and the cross-claim for declaratory relief need not present an independent basis for jurisdiction. See Glens Falls, 229 F.2d at 374; Travelers, 2015 WL 6828482, at *4; Pilavskaya, 2012 WL 3279517, at *4. In sum, the Court denies Moving Defendants' Rule 12(b)(1) motion to dismiss the County's cross-claim for declaratory relief.

## II.     Moving Defendants' Rule 12(b)(6) Motion to Dismiss

Moving Defendants also move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the declaratory relief cross-claim for failure to state a claim. (Doc. No. 65-1 at 14-20.) Moving Defendants argue that the cross-claim fails to state a claim because there is no legal authority or justification that would entitled the County to the relief it is seeking. (Id. at 15.)

///

///

A. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v.

1 Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

    B.    Analysis

In the Rule 12(b)(6) section of their motion to dismiss, Moving Defendants repeat the ripeness arguments from their Rule 12(b)(1) motion. (See Doc. No. 65-1 at 19; Doc. No. 71 at -9.) Specifically, Moving Defendants argue that the cross-claim for declaratory relief fails to state a claim because the County has failed to sufficiently allege an actual controversy. (Doc. No. 71 at 8.) Moving Defendants argue that an actual controversy does not exist at this time because the cross-claim is contingent on a determination of the parties' liabilities, if any, in the action, but the parties' liabilities have not yet been determined. (Id.) As with their arguments presented in their Rule 12(b)(1) motion, Moving Defendants' argument fails because a cross-claim brought under Rule 13(g) can be contingent upon the ultimate adjudication of the parties' liabilities to the plaintiff. See Glens Falls, 229 F.2d at 374; Wada, 154 F. Supp. 3d at 1003; State Comp., 2015 WL 12712320, at *2. As such, the Court rejects Moving Defendants' contention that the declaratory relief cross-claim fails to allege a ripe and actual controversy.

In their Rule 12(b)(6) motion to dismiss, Moving Defendants also argue that the County is not entitled to some of the specific forms of relief alleged in the declaratory relief cross-claim, such as costs and attorney's fees. (Doc. No. 65-1 at 17-19; Doc. No. 71 at 9-11.) But this argument is not properly presented via a Rule 12(b)(6) motion to dismiss. The relevant inquiry under Rule 12(b)(6) is whether the plaintiff has adequately stated a claim for relief. See Conservation Force, 646 F.3d at 1241. If the plaintiff has stated a claim for relief, the inquiry ends. The inquiry does not go on to examine whether the plaintiff is entitled to all the various forms of relief alleged in the pleading associated with that claim. Here, the County has adequately alleged a cross-claim for declaratory relief, and the Court has rejected Moving Defendants' arguments that the claim should be

dismissed as unripe. This ends the Rule 12(b)(6) inquiry.[2] As such, the Court denies Moving Defendants' Rule 12(b)(6) motion to dismiss the County's cross-claim for declaratory relief.

## Conclusion

For the foregoing reasons, the Court denies Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, Coast Correction, and Tran's motion to dismiss the County's cross-claim for declaratory relief.[3] Defendants Coastal Hospitalist, Von Lintig, Dela Cruz, Coast Correction and Tran must file an answer to the County's first amended cross-claims within **21 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: January 5, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court notes that in its opposition, the County states that it "acknowledges that some of the Cross-Defendants may not be liable for attorneys fees'[*sic*] and costs the County incurs in this action. Specifically, the reference to attorneys' fees and costs in the County's cross-claim for declaratory relief pertain to the obligations of Liberty Healthcare Corporation, which has a contractual obligation to pay such amounts." (Doc. No. 70 at 6 n.3.)

[3] In its opposition, the County requests that, in the event the Court determines that it does not possess jurisdiction over the County's cross-claim for declaratory relief, the County be granted leave to amend. (Doc. No. 70 at 8-9.) Because the Court denies the Moving Defendants' motion to dismiss the cross-claim, the County's request for leave to amend is moot.