**LOTZ, DOGGETT & RAWERS, LLP**
**JEFFREY S. DOGGETT, State Bar No. 147235**
**BRIAN T. BLOODWORTH, State Bar No. 272664**
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone (619) 233-5565
Facsimile (619) 233-5564

Attorneys for Defendants and/or Cross-Defendants, COASTAL HOSPITALIST MEDICAL ASSOCIATES; FRIEDRIKE VON LINTIG, M.D.; ANGELITO DELA CRUZ; COAST CORRECTIONAL MEDICAL GROUP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

THOMAS RAINEY and JUDY RAINEY, Conservators, on behalf of COLLEEN GAROT,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.

Defendants.

ALL RELATED CROSS-CLAIMS

Case No. 19-cv-01650-L-AGS

**CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULES]**

[COORDINATED WITH THE MSJ OF DEFENDANTS CCMG, DR. VON LINTIG, AND NP DELA CRUZ AGAINST PLAINTIFFS]

Judge: Hon. M. James Lorenz
Dept: 5B
Date: August 29, 2022
Time: 10:30 a.m.

**COMES NOW**, Cross-Defendants, COASTAL HOSPITALIST MEDICAL ASSOCIATES ("CHMA"), COAST CORRECTIONAL MEDICAL GROUP

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

("CCMG"), FRIEDRIKE VON LINTIG, M.D. ("Dr. Von Lintig"), and ANGELITO DELA CRUZ (NP Dela Cruz) and hereby submit this memorandum of points and authorities in support of their motion for summary judgment, or in the alternative, motion for partial summary judgment against cross-claimant COUNTY OF SAN DIEGO ("County").

This motion is coordinated with the motion for summary judgment, or in the alternative, partial summary judgment, filed by Defendants COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., and ANGELITO DELA CRUZ and hereby incorporate all facts, argument, and analysis herein. Portions of this motion may be dependent on the outcome of that motion.

## TABLE OF CONTENTS

Page

INTRODUCTION. . . . . 1

STATEMENT OF FACTS. . . . . 1

A. Joinder to Statement of Facts in Coordinated Motion for Summary Judgment Filed by Defendants CCMG, Dr. Von Lintig, and NP Dela Cruz . . . . . 1

B. The County of San Diego's Contract with Tri-City Medical Center. . . 1

C. CHMA and CCMG. . . . . 2

D. Pertinent Procedural/Litigation Aspects.. . . . . 2

LEGAL STANDARD FOR SUMMARY JUDGMENT. . . . . 3

ARGUMENT.. . . . . 3

A. The County's Second Cause of Action for Equitable Indemnity Fails as a Matter of Law.. . . . . 3

1. The County Cannot Prove Negligence.. . . . . 3

2. In the Alternative, the County Cannot Recover from a Medical Group If its Employee Is Found Not Liable.. . . . . 4

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT 19-cv-01650-L-AGS

ii

      3. In the Alternative, the County Is Not Entitled to Recovery from CHMA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4. The County Is Not Entitled to Certain Damages from These Cross-defendants.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

a. The County Is Not Entitled to Collect Attorney's Fees.. . 5

b. The County Is Not Entitled to Collect Costs Regarding its Defense of the Underlying Lawsuit. . . . . . . . . . . . . . . . . . 7

B. The County's Third Cause of Action for Declaratory Relief Fails as a Matter of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

iii

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

# TABLE OF AUTHORITIES

Page(s)

Federal Statutes

28 U.S.C. § 2201 . . . . . 7

Federal Cases

*Alyeska Pipeline Co. v. Wilderness Soc'y*
421 U.S. 240 (1975) . . . . . 6

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) . . . . . 3

*Donovan v. Burlington N., Inc.*
781 F.2d 680 (9th Cir. 1986) . . . . . 6

*Fleischmann Distilling Corp. v. Maier Brewing Co.*
386 U.S. 714 (1967) . . . . . 6

*Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillman*
952 F.2d 1152 (9th Cir. 1991) . . . . . 6

*Hutchinson v. United States*
838 F.2d 390 (9th Cir. 1988) . . . . . 4

*Nat'l Merch. Ctr., Inc. v. Medianet Group Techs, Inc.*
893 F.Supp.2d 1054 (C.D. Cal. 2012) . . . . . 6

State Statutes

*Civil Code* § 2295 . . . . . 4

*Code of Civil Procedure* § 340.5. . . . . . 3

State Cases

*Hanson v. Grode*
76 Cal.App.4th 601 (1997) . . . . . 3

*Hinman v. Westinghouse Elec. Co.*
2 Cal.3d 956 (1970). . . . . . 4

*Jones v. Ortho Pharmaceutical Company*
163 Cal.App.3d 396 (1985) . . . . . 4

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT 19-cv-01650-L-AGS

iv

*Landeros v. Flood*
17 Cal.3d 399 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lathrop v. Healthcare Partners Medical Group*
114 Cal.App.4th 1412 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Leslie G. v. Perry & Assoc.*
43 Cal.App.4th 472 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sindell v. Abbott Laboratories*
26 Cal.3d 588 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Willard v. Hagemeister*
121 Cal.App.3d 406 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

v

## INTRODUCTION

The County of San Diego is attempting to get other defendants to pay for its own alleged misconduct through its first amended cross-claim. The County does not have a contractual basis for attempting to do so against these moving cross-defendants, and the County cannot establish equitable indemnity due to its failure to designate experts to opine regarding the elements of medical negligence as mandated by relevant case law. Therefore, the County cannot establish a prima facie case for reimbursement.

## STATEMENT OF FACTS

### A. Joinder to Statement of Facts in Coordinated Motion for Summary Judgment Filed by Defendants CCMG, Dr. Von Lintig, and NP Dela Cruz

These moving cross-defendants join and incorporate the statement of facts in the coordinated motion for summary judgment filed by Defendants CCMG, Dr. Von Lintig, and NP Dela Cruz herein. These moving cross-defendants supplement that statement of facts with the below facts. Exhibits referenced below are to exhibits filed with the coordinated motion for summary judgment as well as additional exhibits to supplement those facts in accordance with the chamber rules.

### B. The County of San Diego's Contract with Tri-City Medical Center

On or about October 15, 2014, the County of San Diego entered into a contractual agreement with "contractor" Tri-City Medical Center to provide hospital inpatient and outpatient specialty medical services for inmates. (Exh. HH at 417-460.) The contract expressly identified the parties to the agreement as follows: "This Agreement ('Agreement') is made and entered into on the date shown on the signature page ('Effective Date') by and between the County of San Diego, a political subdivision of the State of California ('County') and *Contractor*

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

1

*Tri-City Medical Center* located at 4002 Vista Way, Oceanside, CA 92056 ('Contractor')[.]" (Exh. HH at 417, italics added.) Nowhere in the contract or its amendments did it expressly define CCMG or CHMA as parties to the agreement or define, or include in the definition, CCMG or CHMA as "Contractor". (Exh. HH.)

**C. CHMA and CCMG**

CHMA is a medical group independently contracted by Tri-City Medical Center to provide hospitalist services with Tri-City Medical Center. (Exh. OO.) At the time relevant to this case, CHMA did not employ or contract with any healthcare providers for the purpose of providing medical services to the San Diego County jail facilities. (Exh. II at 463.) Specifically, at the time relevant to this case, neither Angelito Dela Cruz, NP nor Friedrike Von Lintig, M.D. were acting in any capacity with CHMA. (Exh. II at 463.)

At the time relevant to this case, CCMG was the medical group which provided the County of San Diego with physicians and nurse practitioners to provide services within the San Diego County jail facilities. (Exh. II at 462-463.) CCMG did not have a direct contract with the County of San Diego for the provision of the services provided by CCMG or its physicians and nurse practitioners. (Exh. II at 463.)

**D. Pertinent Procedural/Litigation Aspects**

The County filed it first amended cross-claim against these moving cross-defendants on December 4, 2020. Dkt. No. 64. On January 4, 2022, the County served its initial expert designation and disclosures on all parties pursuant to the scheduling order[1] and Fed. R. Civ. P. 26(a)(2)(A). (Exh. JJ.) The County did not designate any experts against these cross-defendants. (Exh. JJ.)

---

[1] This was the deadline to serve initial expert witness designations and disclosures pursuant to an amended scheduling order. Dkt. No. 116.

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

2

## LEGAL STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to show that there is no triable factual issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, the burden shifts to the non-moving party to show that there is a genuine factual issue for trial. *Id.* at 324. The Court may grant summary judgment on all relief requested or may grant partial summary judgment as to those claims which can be summarily adjudicated. Fed. R. Civ. P. 56(g).

## ARGUMENT

### A. The County's Second Cause of Action for Equitable Indemnity Fails as a Matter of Law

#### 1. The County Cannot Prove Negligence

The County avers that "[c]ross-claim Defendants' liability is based upon their alleged *negligent* conduct in providing medical and mental healthcare services to Garot[ ...] and in allegedly failing to meet the appropriately [sic] standard of care in addressing her symptoms." Dkt. No. 64 at ¶ 34, italics added. Therefore, the County's claim for equitable indemnity is limited to the California tort of medical negligence, pursuant to *Code of Civil Procedure* § 340.5 and not any other theory of liability.

The elements for professional negligence of a health care provider are (1) a duty of care owed by a health care provider, (2) a breach of that duty, (3) a causal connection between the alleged negligence (breach) and the claimed injury, and (4) actual damage as a result. *Hanson v. Grode*, 76 Cal.App.4th 601, 606 (1997).

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

3

A claimant cannot rely on a resulting injury, a claimant must prove a proximate causal connection between any negligent conduct and the resulting injury. *Leslie G. v. Perry & Assoc.*, 43 Cal.App.4th 472, 480-481 (1996). The claimant has the burden of proving causation. *Sindell v. Abbott Laboratories*, 26 Cal.3d 588, 597 (1980). A possibility of injury is insufficient to establish a prima facie case. *Jones v. Ortho Pharmaceutical Company*, 163 Cal.App.3d 396, 402 (1985). Expert opinion is required to prove a case for California medical malpractice. *Hutchinson v. United States*, 838 F.2d 390, 392-93 (9th Cir. 1988), citing *Landeros v. Flood*, 17 Cal.3d 399, 410 (1976); *Willard v. Hagemeister*, 121 Cal.App.3d 406 (1981) [standard of care is not something of general knowledge, so it must be provided by expert opinion testimony].

Here, the County did not designate any experts in this case against these cross-defendants. Therefore, the County cannot prove with the required expert testimony either the element of breach of the standard of care or causation. Thus, the County cannot establish a prima facie case for equitable indemnity since the County cannot prove that these cross-defendants were negligent.

**2. In the Alternative, the County Cannot Recover from a Medical Group If its Employee Is Found Not Liable**

A principle or employer is only vicariously liable for its agents or employees. *Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 959-60. An employer cannot be held vicariously liable if the employee is not found liable. *Lathrop v. Healthcare Partners Medical Group*, 114 Cal.App.4th 1412, 1426 (2004). "An agent is one who represents another, called the principle, in dealings with third persons." *Civ. Code* § 2295.

Here, Dr. Von Lintig and NP Dela Cruz have filed for partial summary judgment in the coordinated motion for summary judgment against the Plaintiffs. If

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
19-cv-01650-L-AGS
4

partial summary judgment on the negligence cause of action is granted, then the medical group(s) cannot be vicariously liable for that particular healthcare provider for which summary judgment is granted.

Similarly in the alternative, should partial summary judgment be denied as to Dr. Tran's agency status in the coordinated motion for summary judgment against the Plaintiffs, then this Court can grant partial summary judgment as to the medical groups for Dr. Tran should Dr. Tran be found not liable for negligence either on his pending motion to dismiss (Dkt. No. 149) or any subsequent dispositive motion.

**3. In the Alternative, the County Is Not Entitled to Recovery from CHMA**

CHMA did not employ or contract with any healthcare providers to provide medical services within the San Diego County jails. Dr. Von Lintig and NP Dela Cruz were employees of CCMG at the time relevant to this case, and Dr. Tran was an independent contractor of CCMG at the time relevant to this case. CHMA was not a party or defined as a party to any contract with the County of San Diego regarding the provision of medical services to the San Diego County jails. Only CCMG provided in house medical services to the San Diego County jails, not CHMA. Therefore, CHMA should be dismissed from this case as they were not the principle or employer of any healthcare provider at issue in this case.

**4. The County Is Not Entitled to Certain Damages from These Cross-defendants**

The County claims as recoverable damages its attorneys fees, costs the County incurred for its defense in the Garot lawsuit and to prosecute the cross-claims. Dkt. No. 64 at 10.

**a. The County Is Not Entitled to Collect Attorney's Fees**

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT 19-cv-01650-L-AGS

5

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

As analyzed in *Nat'l Merch. Ctr., Inc. v. Medianet Group Techs, Inc.*, 893 F.Supp.2d 1054, 1056-1057 (C.D. Cal. 2012), the "American Rule" generally prohibits recovery of attorney's fees absent some statutory right, as follows:

> One of the distinguishing features of our country's judicial system is the rule that each party generally pays its own attorney fees, regardless of the outcome of the case. *See, e.g., Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), (noting that our country's approach to attorney fees is "deeply rooted in our history and in congressional policy"); *see also Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir. 1986) ("In this country, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.' ") (quoting *Alyeska*, 421 U.S. at 247). This fundamental legal tenet, referred to as the American Rule, is designed to stop "losing litigants [from] being unfairly saddled with exorbitant fees for the victor's attorneys[.]" *Alyeska*, 421 U.S. at 251. It thus encourages parties to vindicate their rights, while relieving the courts of the burden of having to constantly determine what constitutes reasonable attorney fees. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).
>
> Of course, Congress can create statutory exceptions to the American Rule. A prevailing plaintiff can recover attorney fees if there are "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." *Alyeska*, 421 U.S. at 260. But absent a clear statutory command, courts lack the "roving authority" to award attorney fees. *Id.* at 260-62. ("[T]he circumstances under which attorney's fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine."); *see also Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillman*, 952 F.2d 1152, 1163 (9th Cir. 1991) ("Absent Congress's explicit provision for the recovery of fees, ... courts are not free to pick and choose which statutes are worthy of special enforcement incentives and rewards."). [...]

(edits in original)

Here, there is no legal basis in either statute or contract entitling the County to attorney's fees from these moving defendants. Therefore, the County is not entitled to attorney's fees from these moving defendants, and the request for relief for attorney's fees should be dismissed against these moving defendants.

The County concedes this is true. In responses to written requests for admission, the County concedes that it is not seeking attorney's fees from these

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
19-cv-01650-L-AGS
6

moving cross-defendants for its defense of the underlying lawsuit or prosecution of the cross-claim against CHMA, CCMG, Dr. Von Lintig, or NP Dela Cruz. (Exhs. KK-NN at Nos. 1, 3.) The County concedes that there is no statutory right or contractual basis to collect attorney's fees from these moving cross-defendants. (Exhs. KK-NN at Nos. 4-5.)

**b. The County Is Not Entitled to Collect Costs Regarding its Defense of the Underlying Lawsuit**

Fed. R. Civ. P. 54(d)(1) only allows a prevailing party to collect costs, unless a statute or court order allows otherwise. Here, Plaintiffs have multiple causes of action against multiple County defendants, including the County itself. If the County and/or its individually named employees/agents are found liable for any of the causes of action for any dollar amount, then Plaintiffs may be a prevailing party to the County, and the County will be liable for Plaintiffs' litigation costs. The County does not have any legal authority why these moving defendants would be responsible for the County's litigation costs incurred as a result of an alleged liability to Plaintiffs or if Plaintiffs are a prevailing plaintiff to the County. Therefore, the County cannot recover its costs related to its defense of the underlying case from these moving cross-defendants. The County concedes this point in admissions to written requests for admissions propounded by each of these moving cross-defendants. (Exh. KK-NN at 2.)

**B. The County's Third Cause of Action for Declaratory Relief Fails as a Matter of Law**

A claim for declaratory relief must be based on an actual controversy. 28 U.S.C. § 2201(a). Here, if summary judgment, or partial summary judgment is granted in favor of these moving cross-defendants for any of the alleged controversy's analyzed *supra*, then an actual controversy will no longer exist for that/those issue(s). This Court should grant summary judgment or partial summary

LOTZ, DOGGETT & RAWERS LLP
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
19-cv-01650-L-AGS
7

judgment regarding the County's claim for declaratory relief concurrent with the adjudication of the issues analyzed *supra*.

## CONCLUSION

Based on the foregoing, Defendants request summary judgment against Plaintiffs, or in the alternative, partial summary judgment.

DATED: July 25, 2022

**LOTZ, DOGGETT & RAWERS, LLP**

By: /s/ Brian T. Bloodworth
**JEFFREY S. DOGGETT, ESQ.**
**BRIAN T. BLOODWORTH, ESQ.**
Attorneys for Defendants

**LOTZ, DOGGETT & RAWERS LLP**
101 WEST BROADWAY, SUITE 1110
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 233-5565

CROSS-DEFENDANTS COASTAL HOSPITALIST MEDICAL ASSOCIATES, COAST CORRECTIONAL MEDICAL GROUP, FRIEDRIKE VON LINTIG, M.D., AND ANGELITO DELA CRUZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

19-cv-01650-L-AGS

8