UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Rainey and Judy Rainey, Co-Conservators, on behalf of COLLEEN GAROT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 19-cv-1650-L-AGS<br><br>**ORDER DENYING MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>**[ECF No. 149]** |

Pending before the Court is Defendant Dr. Quoc Tran's motion to dismiss Plaintiff Colleen Garot's fourth amended complaint pursuant to California Civil Procedure Code § 340.5 and Federal Rule of Civil Procedure 12(c). (ECF No. 149.) Ms. Garot opposed the motion, (ECF No. 155), and Dr. Tran replied, (ECF No. 157). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons stated below, Dr. Tran's motion to dismiss is denied.

**I.    BACKGROUND**

According to the fourth amended complaint, (ECF No. 53), on April 13, 2018, Plaintiff Colleen Garot was arrested and taken to county jail. (ECF No. 53, at 8.) At the time of her arrest, Ms. Garot displayed a black eye and forehead abrasions. (*Id.*) Early the next morning on April 14, Ms. Garot reported that she had fallen some time in the night and "lost consciousness." (*Id.* at 9.) Medical staff noted a bump on the back of her head as well as signs of disorientation. (*Id.*) At about 11 p.m. that night, Ms. Garot was examined by Defendant Dr. Quoc Tran who noted her multiple facial bruises and left-eye swelling along with "chronic unsteady gait" and tremors. (*Id.*) Dr. Tran sent Ms. Garot back to her cell with orders to stay on the lower bunk and "continue to monitor." (*Id.*) Over the next 36 hours, Ms. Garot's condition deteriorated: she hallucinated a cowboy

and believed a dragonfly was on her arm. (*Id.* at 10–11.) At about 6:30 a.m. on April 16, 2018, she was observed walking around her cell naked and trying to climb the wall. (*Id.* at 11.) Around 11:20 a.m., Ms. Garot suffered a seizure and was taken to the emergency room, where she was diagnosed with a skull fracture, encephalopathy after traumatic brain injury, and a subdural hematoma. (*Id.*) She is now completely incapacitated. (*Id.*)

On November 13, 2020, Ms. Garot filed her fourth amended complaint which described Dr. Tran's April 14, 2018 examination and made two claims against him: one for "deliberate indifference to a substantial risk of harm to health and safety" under 42 U.S.C. § 1983 and one for professional negligence under California law. (*See* ECF No. 53.) Dr. Tran now moves to dismiss only the professional-negligence claim, on the sole basis that it is barred by the statute of limitations.

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[1] Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez*, 683 F.3d at 1108 (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). Specifically, "[a] claim may be dismissed [under Rule 12(c)] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

---

[1] Dr. Tran characterizes the present motion as a motion to dismiss despite filing after pleadings have closed. (*See* ECF No. 149-1.) But Federal Rule of Civil Procedure 12(h)(2)(B) allows a motion to dismiss to be raised by a Rule 12(c) motion, and the analysis under both is "substantially identical." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## III. DISCUSSION

The applicable limitation to Ms. Garot's professional negligence claim is "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Civ. Proc. Code § 340.5; *see also Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109–10 (1945) (holding that the state statute of limitations applies to state claims in federal court).

The events giving rise to the present action took place on April 14, 2018, and the operative complaint was filed on November 13, 2020, roughly two and a half years later. (ECF No. 53.) Dr. Tran argues that Ms. Garot made it clear in her complaint that she was aware of the treatment he provided and was therefore aware of her injury, giving her one year from the date of treatment to file her claim. (ECF No. 149-1, at 4.) But under section 340.5, a claim filed within three years of the injury may be timely depending on the plaintiff's knowledge and diligence. The Court is not in a position to make factual determinations regarding Ms. Garot's knowledge and diligence at this juncture. Thus, the untimeliness of Ms. Garot's claim, filed less than three years after her treatment from Dr. Tran, is not apparent on the face of the complaint. Accordingly, Dr. Tran's motion to dismiss is denied.

## IV. CONCLUSION

For the reasons stated above, Dr. Tran's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2022

_____
Hon. M. James Lorenz
United States District Judge