UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAINEY AND JUDY RAINEY, CO-CONSERVATORS, ON BEHALF OF COLLEEN GAROT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:19-cv-01650-AHG<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL**<br><br>**[ECF No. 352]** |

Before the Court is Plaintiff's *Ex Parte* Application to File Under Seal portions of her motion for approval of an incompetent person's compromise along with related attachments. ECF No. 352. Defendants in this matter have filed a Notice of Non-Opposition to Plaintiff's application. ECF Nos. 354, 356, 358. For the reasons that follow, the Motion to Seal is **GRANTED**.

1

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Other than grand jury transcripts and warrant materials in the midst of a pre-indictment investigation, which are documents that have been "traditionally kept secret," there is a "strong presumption in favor of access" to all other court records. *Kamakana*, 447 F.3d at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons for doing so." *Kamakana*, 447 F.3d at 1178.

## II. DISCUSSION

Here, Plaintiff argues there is good cause to allow the filing of the Motion for Approval of an Incompetent Person's Compromise and related exhibits under seal because, as part of the settlement agreement, the parties agreed that "Plaintiff, and her attorney and representatives, would not reveal the terms of the settlement agreement or any of the amounts, numbers, terms or conditions of any sums payable to Plaintiff." ECF No. 352 at 1-2. The settlement agreement also provides that "Plaintiff would, in good faith, request leave of Court to submit [the] [a]greement under seal in order to maintain confidentiality." *Id.* at 2. Defendants filed a Notice of Non-Opposition as to Plaintiff's Motion to File Under Seal. ECF Nos. 354, 356, 358. Plaintiff has already filed a redacted version of the filing for the public docket. ECF No. 357.

In order to protect the integrity of the settlement agreement, the Court agrees there are compelling reasons to **GRANT** Plaintiff's Motion to File Documents Under Seal. ECF No. 352. The Clerk's Office is directed to keep all documents contained in the entry at ECF No. 353 **UNDER SEAL**.

//
//

### III. CONCLUSION

Plaintiff's *Ex Parte* Motion to Seal (ECF No. 352) is **GRANTED**. The Clerk's Office is instructed to maintain all documents lodged at ECF No. 353 **UNDER SEAL** indefinitely.

**IT IS SO ORDERED.**

Dated: August 6, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge